**COUNTY OF LAKE on Behalf of Barbara HUNGERFORD, Petitioner, Respondent,**

v.

**Robert W. HUNGERFORD, Appellant.**

**No. C2–84–302.**

Court of Appeals of Minnesota.

Oct. 16, 1984.

Bruce L. Anderson, Lake County Atty., Kenneth A. Sandvik, Asst. County Atty., Two Harbors, for respondent.

Lynn K. Klobuchar, Legal Aid Service of Northeastern Minnesota, Duluth, for appellant.

Heard, considered and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This is an action for a parental contribution, or reimbursement, for public assistance furnished to a child, based on Minn. Stat. § 256.87. Respondent Lake County was awarded a judgment of $280 against Hungerford. We reverse.

## FACTS

Respondent Lake County expended a total of $2,080 in Aid to Families with Dependent Children (AFDC) for appellant Hungerford's children during the months of September, 1982, to December, 1982. The County sought a judgment of $400, or $100 for each of the four months of assistance. There was no order for child support against Hungerford.

Hungerford has worked only periodically, at public works jobs, since 1979, and has not filed a federal income tax return since that year. His earnings during the period AFDC was expended were $900, or $225 per month. Thereafter, he earned $1700 through March of 1983. At the time of the hearing, his family had an income from an emergency jobs program, MEED, which was $381, or $222 per month less than their living expenses.

## ISSUE

Was the judgment entered within the amount Hungerford was reasonably able to pay?

## ANALYSIS

Minn.Stat. § 256.87 provides, in part, as follows:

"At any time during the continuance of assistance to a child granted under sections 256.72 to 256.87 except as set forth below, a parent of a child is liable for the amount of assistance furnished during the two years immediately preceding the commencement of the action *which the parent is reasonably able to pay.*"

Subd. 1 (1982) (emphasis added).

The statute allows the county, where there is no outstanding support order, to bring an action to require a parent to pay at least a portion of AFDC expended over a 2-year period, depending on his ability to pay.

In *County of Anoka v. Richards,* 345 N.W.2d 263 (Minn.Ct.App.1984), this court held that a determination that the father

was able to reimburse the county was reasonable where the father had a job and was receiving veterans' benefits. A money judgment of $11,041.50 was entered against the father, who, at the time of the trial had a take-home income of $375 per week, plus $230 per month in veterans' benefits. This court approved the ordering of judgment in the following terms:

"Although appellant has other financial obligations, it was reasonable for the trial court to determine that with the income appellant is now earning, he is able to repay the County."

345 N.W.2d at 266.

Appellant argues that he, unlike the father in *Richards,* is not "reasonably able to pay" the judgment awarded against him. On the facts of this case, we agree.

We do not hold that the court may not consider the earning potential of a parent in determining the amount he is reasonably able to pay. We note that in *Richards,* the father had an ample income from which to pay the money judgment. Further, the statute affords the county a two year period to bring the action for contribution, during which the parent's actual earnings may return to his potential.

### DECISION

The money judgment awarded was beyond appellant's reasonable ability to pay.

Reversed.