**COUNTY OF LAKE on Behalf of Yvette T. SMITH, petitioner, Respondent,**

v.

**Steven R. SMITH, Appellant.**

**No. C8–84–305.**

Court of Appeals of Minnesota.

Oct. 16, 1984.

Bruce L. Anderson, Lake County Atty., Kenneth A. Sandvik, Asst. County Atty., Two Harbors, for respondent.

Lynn K. Klobuchar, Legal Aid Service of Northeastern Minnesota, Duluth, for appellant.

Heard, considered and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This case involves the same statutory action for parental contribution for AFDC expended, Minn.Stat. § 256.87, and similar facts as *Lake County on behalf of Hungerford v. Hungerford*, 356 N.W.2d 405 (Minn.Ct.App.1984), filed today. The trial court awarded judgment in the amount of $1100 against Smith. We reverse.

## FACTS

Respondent Lake County began AFDC assistance for Smith's minor child in October, 1982, and expended a total of $4261 through August, 1983, when Smith returned to the family home. The County sought contribution in the amount of $1100 for the 11 months of assistance, and the trial court ordered judgment in this amount.

Smith was working during the period that assistance was received, but earned only $1810 during the eleven months. His job ended in June of 1983. At the time of the hearing, in November, 1983, he was unemployed and receiving AFDC with the family, whom he had rejoined. There was no order for ongoing child support. Prior to the temporary separation, Smith was receiving assistance under the AFDC grant.

## ISSUE

Was Smith reasonably able to pay the judgment entered against him?

## ANALYSIS

■■ As in *Hungerford*, we decide this case on the facts presented. Smith, who was dependent on AFDC and not earning any income at the time of the hearing, was not "reasonably able to pay" a judgment of $1100. Minn.Stat. § 256.87 subd. 1 (1982). As in *Hungerford*, we do not decide the issue of whether the trial court may consider earning potential of a parent, where the parent has actual current income. We note that the unemployed parents program makes families eligible for aid who have a potential wage earner capable of supporting the family but for conditions of unemployment. 42 U.S.C.A. § 607 (1983). To allow the county to obtain a money judgment against the unemployed parent, based on his earning *capacity*, even before the parent has regained steady employment, is to negate the purpose of the program. Further, the statute gives the county two years to commence an action for contribution, during which time the parent may regain employment. Minn.Stat. § 256.87 subd. 1.

## DECISION

The judgment awarded was beyond appellant's reasonable ability to pay.

Reversed.