**CROW WING COUNTY SOCIAL SERVICES, Petitioner, Appellant,**

v.

**William R. McDERMOND, Sr., Respondent.**

No. C2-84-1241.

Court of Appeals of Minnesota.

Feb. 19, 1985.

Barbara J. Black, Asst. County Atty's., Brainerd, for appellant.

William R. McDermond, Sr., pro se.

Considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This appeal is from an order dismissing with prejudice appellant's motion to compel respondent to reimburse the county for AFDC funds expended for care of appellant's children. We reverse.

## FACTS

Respondent was granted custody of his children, Douglas, born November 17, 1968, and Thomas, born May 11, 1966, pursuant to a divorce decree dated July 28, 1978. The boys lived with respondent from 1978 until March 1984, when they decided to live with their mother in Crow Wing County. During March, April and May of 1984, the mother was unemployed and received AFDC benefits from the county. The trial court found that AFDC provided by the appellant county was a "voluntary contribution," and that the statutory provision requiring appellant to reimburse the county was inapplicable.

## ISSUE

Is respondent required by Minn.Stat. § 256.87 (1983) to reimburse the county for AFDC furnished to his former wife for care of children, notwithstanding that custody of the children had been granted to him?

## ANALYSIS

Payment by counties of AFDC funds is mandated by statute where the dependent child resides in Minnesota and is found to be in need of "food, shelter, clothing or other emergency assistance." Minn.Stat. § 256.76, subd. 1 (1982). If an emergency need is found to exist, the applicant *shall* be granted assistance. Minn.Stat. § 256.76. (Emphasis added.)

The term "dependent child" means a child "under the age of 18 years * * * who is a child of an unemployed parent * * * and whose relatives, liable under the law for his support are not able to provide adequate care and support of the child, and who is living with his father, mother * * *." Minn.Stat. 256.12, subd. 14 (1982).

There is no mention in Chapter 256 of dissolution decrees or child custody provisions. The criteria is simple: the child must be in need and the parent with whom he is residing is unable to provide for those needs. Once these criteria are met the assistance must be granted.

 Minn.Stat. § 256.73, subd. 4 (1982), provides that the county of financial responsibility for the payment of assistance is the county in which the child resides at the time of application for the assistance. Here, notwithstanding the custody provisions, the boys decided to live with their mother. The criteria for need was met and Crow Wing County was required by Minn. Stat. § 256.76 to furnish assistance. Where the terms of the statute have a plain meaning, that meaning should be followed. *McClish v. Pan-O-Gold Baking Co.*, 336 N.W.2d 538 (Minn.1983). Minn.Stat. § 256.87 requires that respondent reimburse appellant for AFDC funds furnished on behalf of his children, which he is reasonably able to pay.

## DECISION

Respondent must reimburse appellant for AFDC funds furnished to respondent's children. Reversed and remanded to determine the amount of reimbursement.