**In re the Marriage of Betty Ann MASKREY, Petitioner, Respondent,**

v.

**Richard Hobart MASKREY, Appellant.**

No. C4–85–1316.

Court of Appeals of Minnesota.

Jan. 28, 1986.

Arnold E. Kempe, Kempe & Murphy, West St. Paul, for respondent.

James A. Lee, Jr., Michael Hagedorn, Southern Minnesota Legal Services, Inc., St. Paul, for appellant.

Heard, considered, and decided by LESLIE, P.J., and WOZNIAK and HUSPENI, JJ.

## OPINION

LESLIE, Judge.

Richard Hobart Maskrey appeals from an order enjoining him from making an application for public assistance on behalf of the parties' minor daughter and requiring him to indemnify Betty Ann Maskrey for reimbursement of monies paid by Isanti County on behalf of the parties' minor daughter. We reverse.

### FACTS

A decree of marriage dissolution was granted to the parties on November 29, 1982. Pursuant to the decree, appellant was awarded ownership and exclusive occupancy of a vacation cabin located in Isanti County, Minnesota, and respondent was awarded ownership and exclusive occupancy of the family home in South St. Paul. The parties have resided in these respective locations since that time. Respondent was granted custody of Dawn Lisa Maskrey, who was born on October 3, 1968, subject to appellant's right of reasonable visitation with her. Jurisdiction of the court with

respect to determination of child support obligations was reserved and no support amount has been set by the court.

Appellant was unemployed at the time the decree was granted and has not worked since that time. He has been receiving General Assistance. The parties' minor daughter lived at appellant's home in Isanti County during the summer of 1984. She also resided with appellant during February and March 1985 and attended school in Isanti County. Appellant applied for and received Aid to Families with Dependent Children (AFDC) from the Isanti County welfare department on behalf of Dawn. AFDC grants were issued for June through August 1984, and for February through March 1985.

In March 1985, respondent was served with a complaint by Isanti County seeking reimbursement of monies paid on behalf of Dawn Maskrey for the time she was residing with appellant. During the last week of March, Dawn moved back to South St. Paul. On March 27, respondent obtained an ex parte restraining order prohibiting appellant from applying for AFDC until he was granted custody of her. The trial court also ordered appellant to indemnify respondent for claims made against her by Isanti County.

## ISSUES

1. Did the trial court err in enjoining appellant from applying for public assistance on behalf of the parties' minor daughter until he was awarded custody of her?

2. Did the trial court err in ordering appellant to indemnify respondent for claims made against her for funds expended on behalf of their minor daughter?

## ANALYSIS

1. Appellant argues that custody is irrelevant in determining *eligibility* for AFDC benefits, much less *who may apply* for those benefits. The measure of eligibility is residence. "A child must *reside* in the same home with an eligible caretaker to be eligible for AFDC * * *." Minn.R. 9500.0070, subp. 3 (1983) (emphasis added).

Although the particular definitions of eligibility become quite complex, once an applicant meets each requirement, the statute states that "[a]ssistance *shall* be given." Minn.Stat. 256.73, subd. 1 (1984) (emphasis added). Where custody is mentioned, the statute implies that the fact of custody does not affect eligibility. *See* Minn.Stat. 256.12, subd. 14 (1984) (" 'Dependent child,' * * * means a child under the age of 18 years, * * * and who is living with his father, mother, * * * in a place of residence maintained by one or more of these relatives as his or their home."); Minn.Stat. 256.12, subd. 15 (1984) (" 'Continued absence from the home,' * * * means the absence from the home of the parent, whether or not entitled to the custody of the child * * *.").

In this case, the trial court enjoined appellant from even *applying* for AFDC benefits. It is not necessary that a person meet eligibility criteria in order to apply; rather, "[a]ny person may apply for AFDC to the local welfare agency in the county in which he/she resides, and the local agency shall promptly advise him/her of the program's eligibility requirements." Minn.R. 9500.0050, subp. 1 (1983). The trial court did not have the information necessary to determine appellant's eligibility, such as reports of income, citizenship status, residence, resources, and employability.

We find the case of *Crow Wing County Social Services v. McDermond*, 363 N.W.2d 97 (Minn.Ct.App.1985), to be helpful. In that case, the father was granted custody of his children pursuant to a divorce decree. After living with their father for several years, the children decided to live with their mother in Crow Wing County. She was unemployed and received AFDC benefits from the county while the children were living with her. This court held that the county is required by statute to furnish AFDC if the child is in need and the parent with whom the child is residing, regardless of who has legal custody, is unable to provide for those needs. *Id.* at 98.

Respondent admitted in her affidavit that her daughter resided with appellant during

those months in which he obtained AFDC benefits to support her. Nevertheless, the trial court restricted appellant's right to apply for AFDC because he had not been awarded custody. We hold that imposing such a restriction was error.

2. Appellant next contends that the trial court erred in requiring him to reimburse Isanti County for AFDC paid on behalf of Dawn Maskrey. The county served a complaint on respondent pursuant to Minn.Stat. 256.87, subd. 1 (1984), which provides in part as follows:

> At any time during the continuance of assistance to a child granted under sections 256.72 to 256.87 * * *, *a parent* of a child is liable for the amount of assistance furnished during the two years immediately preceding the commencement of the action which the parent is reasonably able to pay.

(emphasis added). The statute allows the county, if there is no outstanding support order, to bring an action to require a parent to pay at least a portion of AFDC expended over a two-year period, depending on the parent's ability to pay. *County of Lake on behalf of Hungerford v. Hungerford*, 356 N.W.2d 405, 406 (Minn.Ct.App. 1984).

In this case, the trial court made no explicit determination as to appellant's reasonable ability to pay. *See id.* (judgment awarded by trial court was beyond father's reasonable ability to pay where he worked only periodically, earning little money); *County of Lake on behalf of Smith v. Smith*, 356 N.W.2d 407 (Minn.Ct.App.1984) (same); *County of Anoka v. Richards*, 345 N.W.2d 263 (Minn.Ct.App.1984) (father was able to reimburse the county where he had a job and was receiving veterans' benefits).

Appellant has not cited, nor has our research disclosed, any Minnesota cases involving an action for reimbursement of AFDC accompanied by a claim for indemnification. The Minnesota Supreme Court has defined the remedy of indemnity as "the right of a person to recover reimbursement from another for the discharge of a liability which, as between himself and the other, should have been discharged by the other." *Hendrickson v. Minnesota Power and Light Company*, 258 Minn. 368, 370, 104 N.W.2d 843, 846 (1960) (footnote omitted). Although traditionally indemnity has been viewed as a right arising out of a contract, "the award of indemnity should follow traditional concepts of equity." *Hill v. Okay Construction Company, Inc.*, 312 Minn. 324, 345, 252 N.W.2d 107, 120 (1977).

We find that the trial court's order requiring appellant to indemnify respondent was an improper remedy. Minn.Stat. § 256.87, subd. 1 allows the county to seek reimbursement from "a parent," and it is not the role of the courts to apply the doctrine of indemnification and thereby deviate from the clear language of the statute. It may be appropriate, however, for respondent to join appellant as a defendant pursuant to Minn.R.Civ.P. 14.01 in an action initiated against her by Isanti County.

### DECISION

The trial court erred in enjoining appellant from applying for AFDC on behalf of the parties' minor daughter and in ordering appellant to indemnify respondent for claims made by Isanti County against respondent for reimbursement of AFDC funds.

Reversed.