COUNTY OF ISANTI,
Petitioner, Respondent,

v.

Gary Karl FORMHALS, Appellant.

No. C4–84–1225.

Court of Appeals of Minnesota.

Dec. 4, 1984.

**704**

Gregory E. Korstad, Isanti County Atty., Cambridge, for respondent.

Vicki E. Landwehr, Hoolihan & Neils, St. Cloud, for appellant.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This action was commenced pursuant to Minn.Stat. § 256.87, subd. 1, to recover money from a parent of a child receiving public assistance. Appellant Gary Karl Formhals appeals from the trial court's order awarding respondent Isanti County a judgment in the amount of $1,354.00. This represented reimbursement of public assistance paid by the County for support of Formhals' child prior to June 30, 1984. Formhals was also required to pay $412.00 per month to Isanti County Family Services and Welfare Department as reimbursement for public assistance furnished after June 30, 1984. We affirm.

## FACTS

Appellant Gary Karl Formhals and Judith Formhals were divorced in October 1973. On February 2, 1982, the Stearns County District Court ordered Gary Formhals to pay child support in the sum of $25.00 per month. No arrearages have accrued under this order.

Beginning on March 14, 1984, respondent County of Isanti furnished public assistance for support of Formhals' child in the amount of $412.00 per month. From March 14, 1984, to June 30, 1984, the County furnished $1,479.00 in public assistance. During this same period, Formhals contributed only $125.00 for the support of his child.

In June 1984, the County of Isanti commenced an action against Formhals in Isanti County pursuant to Minn.Stat. § 256.87, subd. 1 (Supp.1983), which provides for the recovery of money from a parent of a child receiving public assistance. Judgment was granted in favor of the County for $1,354.00. The trial court also ordered ongoing child support of $412.00 per month subject to a cost-of-living adjustment pur-

suant to Minn.Stat. § 256.87, subd. 1a (Supp.1983). The trial court arrived at this figure after imputing the income of Automation Supply Co., a company owned solely by Formhals, to Formhals. Formhals appealed.

## ISSUES

1. Did the trial court have jurisdiction to hear the reimbursement proceeding?

2. Did the trial court properly enter judgment for the amount of public assistance expended by Isanti County?

3. Is there a need to show a substantial change in circumstances before granting ongoing child support pursuant to Minn. Stat. § 256.87, subd. 1a (Supp.1983)?

4. Did the trial court err in failing to make findings to support a cost-of-living adjustment?

5. Did the trial court err in calculating Automation Supply Co.'s net income and imputing such income to Formhals?

## ANALYSIS

### I

Formhals argues that the issue of child support was litigated in a 1982 support action in Stearns County, and, therefore, the Isanti court was without jurisdiction to hear the action commenced by Isanti County to recover money from Formhals for public assistance paid by Isanti County on behalf of his child. We disagree.

The County of Isanti brought the present reimbursement proceeding pursuant to Minn.Stat. § 256.87, subd. 1 (Supp.1983), which provides:

At any time during the continuance of assistance to a child granted under sections 256.72 to 256.87 except as set forth below, a parent of a child is liable for the amount of assistance furnished during the two years immediately preceding the commencement of the action which the parent is reasonably able to pay. Provided, however, that where child support has been previously ordered, the state or county agency providing the assistance, as assignee of the obligee, shall be entitled to judgments for child support payments accruing within ten years preceding the date of the commencement of the action to collect. The action may be ordered by the state agency or county agency and shall be brought in the name of the county by the county attorney of the county in which the assistance was granted, or by the state agency against the parent for the recovery of the amount of assistance granted, together with the costs and disbursements of the action.

*Id.* In commencing the action in Isanti County, the County was not attempting to modify an order of the Stearns County Court.

 Modifications of child support obligations under Minn.Stat. § 518.64, subd. 2 (Supp.1983) and contribution proceedings under Minn.Stat. § 256.87, subd. 1 (Supp. 1983) are separate causes of action. *County of Anoka v. Richards,* 345 N.W.2d 263, 266–67 (Minn.Ct.App.1984). Section 518.64 applies only to modifications of prior support orders. The Isanti court's order does not modify the 1982 Stearns County support order. Isanti's right to commence this action did not arise out of the Stearns County Court's order relating to child support; it was authorized pursuant to section 256.87, subdivision 1 because Formhals' child received public assistance in Isanti County. Isanti County was the appropriate forum for the contribution proceedings.

### II

Formhals argues the trial court could not award Isanti $1,354.00 for reimbursement of public assistance through June 30, 1984, because Formhals was current on his child support payments. The trial court's order for reimbursement of public assistance is not an award for back child support under the 1982 support order.

 Actions commenced pursuant to section 256.87 have as their sole purpose the collection of past assistance granted in

order to lessen the burden on the public. This court has stated:

> Where the absent parent has had the ability to contribute to the support of his children, and because of his failure to do so, the family has had to rely on public assistance for support, the County's interest in recovering its costs from the obligor to the extent of his ability is in the public interest. The Minnesota Supreme Court has consistently recognized the County's interest in protecting the public to the extent possible against the child's becoming a public charge. As between the parent and the public, the primary obligation of support of a child should fall on the parent and the County should only be expected to contribute to the extent that the parent is unable.

*County of Anoka v. Richards*, 345 N.W.2d at 267 (citations omitted). Formhals misconstrues section 256.87, subd. 1, which gives the County authorization to collect, as an assignee of the child, unpaid child support arrearages under an existing support order. He points out there is an existing Stearns County support order in which there are no arrearages. But section 256.87, subd. 1, provides the state or county agency with an additional remedy of reimbursement if they advance funds to assist the rearing of a child, notwithstanding the existence of a previous child support order.

### III

Formhals also claims the county of Isanti is required to show a substantial change in circumstances before being entitled to a modification of the child support award. *See* Minn.Stat. § 518.64, subd. 2 (Supp. 1983). As noted above, Minn.Stat. § 518.64, subd. 2 deals with modification of orders and is inapplicable to proceedings commenced under section 256.87.

In *County of Anoka v. Richards*, 345 N.W.2d 263 (Minn.Ct.App.1984), this court held:

> An Order entered pursuant to Minnesota Statutes § 256.87 does not modify the child support provision in the paternity adjudication, and is not governed by the modification provisions of Minnesota Statutes § 518.64, subd. 2. Minnesota Statutes § 256.87 is a separate cause of action available to the County for the purpose of recovering a portion of past assistance granted. Had the mother of the child not received public assistance, she would not have had the right to receive a judgment for retroactive support for the two year period and would be bound by the terms of the paternity Order until it is modified.

*Id.* at 267. Isanti County was not attempting to modify a previous child support order. Therefore, the standards of section 518.64 simply do not apply.

### IV

Formhals next claims the trial court erred in failing to make findings to support the cost-of-living adjustment. *See* Minn. Stat. § 256.87, subd. 1a (Supp.1983) (authorizing court to order continuing support according to Chapter 518). Minn.Stat. § 518.641, subd. 5 (Supp.1983) requires a cost-of-living clause unless the court makes an "express finding that the obligor's occupation, income, or both, does not provide for such an adjustment." *Id.* No evidence was produced by Formhals which contraindicated an adjustment.

### V

Formhals also alleges the trial court's findings with respect to Formhals' income are unsupported by the evidence. Formhals is the sole owner, employee and shareholder of Automation Supply Co. His personal 1983 taxable income was $1,917.00. The trial court concluded that Formhals' available income per month from the corporation is $3,250.00 (gross receipts less expenses).

That finding was based on the oral testimony of Formhals regarding the corporation's income and expenses. Formhals was ordered to bring a verified statement of his earnings for the six months prior to the hearing, plus supporting documentary evidence of income for the past six months "regardless of source." He did not comply

with this order and cannot now complain of error in the calculation of net income.

The trial court was correct in imputing this income to Formhals. Formhals was the sole employee and shareholder of Automation Supply, and the corporation is Formhals' sole source of income. The income of Automation Supply, less sums for business capital purposes, should be imputed to Formhals. *See Hertz v. Hertz*, 304 Minn. 144, 147–48, 229 N.W.2d 42, 45 (1975).

### DECISION

Isanti County had jurisdiction over the reimbursement proceeding and properly entered a judgment for the amount of public assistance expended by Isanti County.

In reimbursement proceedings, there is no need to show a substantial change in circumstances before granting ongoing child support pursuant to Minn.Stat. § 256.-87, subd. 1a (Supp.1983).

A cost-of-living adjustment was proper where no evidence was introduced to support a finding that the obligor's occupation does not provide for such an adjustment.

The trial court did not err in calculating Automation Supply Co.'s monthly net income and correctly imputed such income to Formhals.

Affirmed.