**Laura J. KUSEL, Appellant,**

v.

**Delbert H. KUSEL, Respondent.**

**No. C8-84-1566.**

Court of Appeals of Minnesota.

Jan. 22, 1985.

Paul G. Morreim, Freeborn Co. Atty., Jeffrey B. Ring, Asst. Co. Atty., Albert Lea, for appellant.

John Chesterman, Albert Lea, for respondent.

Considered and decided by RANDALL, P.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Laura Kusel, a resident of Nebraska, petitioned for a child support order and arrearages from her former husband, a resident of Minnesota, under the Uniform Reciprocal Enforcement of Support Act. At the hearing on her petition, she withdrew her request for arrearages. The trial court entered an order requiring Delbert Kusel to pay $245 per month, a 20% downward departure from the guidelines amount, and Laura appealed. We affirm.

## FACTS

Appellant and respondent were divorced in Nebraska in 1977 after fourteen years of marriage. They have two children, now seventeen and thirteen. Respondent was ordered to pay $175 per month per child by the Nebraska court. At the time of this action, he was $1,775.00 in arrears, with $350 of that amount disputed.

Respondent earns $236.10 net per week. His wife is also employed, with a similar income. (The guidelines amount of support for two children at respondent's income level is 30%, or $303.30 per month.) Appellant earns $433.00 net bi-weekly.

The trial court departed downward from the guidelines amount by 20% and found that the lower payment would meet the children's needs.

## ISSUES

1. Do the guidelines apply in a URESA action commenced seven years after a 1977 divorce decree?

2. Did the trial court's findings justify a downward departure?

## ANALYSIS

### I.

*Application of guidelines*

█ Respondent argues that the case of *Halper v. Halper,* 348 N.W.2d 360 (Minn. App.1984), which held that it is the date of the dissolution judgment and decree that determines the applicability of child support guidelines, governs here and that the guidelines are thus inapplicable. Respondent did not raise this issue at the trial level, however, and, in fact, stated to the trial court that "[o]ur position is that the Court should consider the guidelines in citing [sic] the amount of the support * * * " Because this issue was raised for the first time on appeal, respondent has waived it.

█ Even if respondent had not waived the issue, however, the guidelines are applicable. Minn.Stat. § 518C.17, subd. 1 (Supp. 1983) provides that child support in URESA actions should be set "according to Chapter 518," which includes the guidelines. The supreme court has made it clear that a URESA action is an *independent* action in which Minnesota's domestic law relating to support is applied. *State ex rel. McDonnell v. McCutcheon,* 337 N.W.2d 645, 649 (Minn.1983). The dissolution is relevant to the URESA action only in that it proves respondent has a duty to support the children.

### II.

*Adequacy of findings*

█ In ordering child support, a trial court must consider

* * * all relevant factors including

(a) The financial resources and needs of the child;

(b) The financial resources and needs of the custodial parent;

(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child, and his educational needs; and

(e) The financial resources and needs of the noncustodial parent.

Minn.Stat. § 518.17, subd. 4 (1982). The amount of child support may not be below the guidelines amount "unless the court makes express findings of fact as to the reason for the lower order." Minn.Stat. § 518.17, subd. 5 (Supp.1983). Such findings should take into account the above factors. *Bjorke v. Bjorke,* 354 N.W.2d 107 (Minn.Ct.App.1984).

Here, the trial court found that the children had no financial resources of their own, that no evidence had been submitted to show that the physical and emotional conditions of the children were different than they would have been had there not been a dissolution, and that ordering child support in an amount 20% below the guidelines amount would not downgrade the children's standard of living below what it would have been without the dissolution. The court also considered the incomes of the parents, and found that the needs and resources were "comparable" and could "reasonably be satisfied from their respective wages after they each make a reasonable contribution to the support of their children." While these findings are not compelling in their justification for a downward departure, they are adequate in that they take the statutory factors into account. Further, the downward departure was a comparatively small amount. A larger departure would require correspondingly more persuasive facts.

## DECISION

Affirmed.