**CARVER COUNTY COMMUNITY SO-CIAL SERVICES and Lorelei Hinze, petitioners, Respondents,**

v.

**Paul Donald FRITZKE, Appellant.**

No. C8–86–339.

Court of Appeals of Minnesota.

Aug. 19, 1986.

Marcia Rowland, Carver Co. Atty., Virginia Palmer, Asst. Co. Atty., Chaska, for respondents.

Patrick J. Neaton, Muenzer & Neaton, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Respondents Carver County Community Social Services and Lorelei Hinze brought this motion to increase the amount of child support to be paid by appellant Paul Fritzke. Fritzke appeals from the judgment entered increasing his support obligation. We affirm in part and remand for additional findings.

## FACTS

Lorelei Hinze and Paul Fritzke are the parents of J.H., born in 1974. Hinze and Fritzke never married. Fritzke had been paying $10 per week child support to Hinze under a 1977 court order. Under that order, the trial court found Fritzke's monthly income to be approximately $350 and his total assets to be approximately $1,000. No specific findings were made as to Hinze's income or expenses in 1977. In connection with the present motion, Hinze indicates that in 1977 she was receiving AFDC payments and working; she does not indicate what her income was at that time. She estimates that her total expenses in 1977 were $878 per month.

Hinze submitted an affidavit listing her current monthly expenses for "herself and two children" as totalling $1,125. She acknowledges that she has a younger child by a different man and that she "does not receive regular support payments for her other child, but does receive help from the father, who pays for babysitting costs, provides her with transportation because she does not own a car, and pays for clothing for their son."

She states that she is currently employed, earning $5.40 per hour, that there are no guaranteed hours, and that she has worked a great deal of overtime but that during the winter her hours may be as low as 25 per week. Her net monthly income for the first six months of 1985 was $899.52, which includes 210 hours of overtime.

Hinze also stated in her affidavit:

That [J.H.'s] needs have increased since the child support order was entered. He participates in athletics at school and needs money for athletic equipment, school lunches, and extracurricular activities. Additionally, [I] had to buy new school clothes and supplies for the beginning of school this month. [Fritzke] does not provide health or dental insurance for [J.H.] and [I] no longer [have] insurance available through work, thereby increasing the medical and dental costs."

The parties agreed to submit the matter on the record. Based on the evidence submitted, including Fritzke's 1984 tax return (Form 1040), his June 30, 1985, paycheck stub, and a statement of his income and expenses, the trial court made a number of findings and concluded:

1. That there has been a substantial increase in [Fritzke's] income which makes the terms of the original child support order unreasonable and unfair, and [respondent's] motion for an upward modification should be granted.

2. That [Fritzke's] child support obligation should be based upon the Minnesota child support guidelines, using the percentage for one child.

The trial court ordered that the amount of child support be set at the guideline amount of $351.43 per month, based on its determination that Fritzke's net monthly income was $1,405.73.

In response to a subsequent motion by Fritzke, the trial court issued an order amending some of its findings, but its determination of Fritzke's support obligation remained unchanged.

## ISSUES

1. Did the trial court abuse its discretion in finding that a substantial change of circumstances rendered the original support order unfair and unreasonable?

2. Did the trial court err in setting the level of child support upon modification?

## DISCUSSION

### I

A trial court has discretion when deciding whether to grant a motion for modification of child support payments. *Johnson v. Johnson,* 304 Minn. 583, 584, 232 N.W.2d 204, 205 (1975). This court will reverse for an abuse of that discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on record." *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984)).

Under Minn.Stat. § 518.64, subd. 2 (Supp.1985), the terms of a child support obligation may be modified

> upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; [or] (2) substantially increased or decreased need of a party * * *, any of which makes the terms unreasonable and unfair. * * * On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

*Id.* This statute requires the following two-step analysis:

> (1) Do any of the four factors * * * alone or in combination, create a substantial change in circumstances warranting a modification of child support?; (2) if so, after considering the needs of the chil-

dren and the financial situation of the parties' spouses, what modification should the court make?

*Moylan,* 384 N.W.2d at 864.

■ In this case the trial court expressly found that Fritzke's "income has increased substantially, [making] the terms of the original child support order unreasonable and unfair;" that Hinze's "expenses have increased and her income, while it has also increased, is not sufficient to meet her monthly expenses;" and that the previous support award of $43 per month "cannot adequately provide for [J.H.'s] needs, which have increased in the past eleven (11) years." These findings reveal that the trial court carefully considered the factors expressly mandated by the legislature. *See id.* at 865. It was well within the trial court's discretion to conclude that a 402 percent increase in Fritzke's income since 1977 rendered his $43 per month child support payment for an 11–year–old boy unfair and unreasonable.

Fritzke contends that the trial court should have considered the contributions made by the father of Hinze's second child. The county and Hinze correctly note that § 518.64, subd. 2, requires only that the financial circumstances of each party's *spouse,* if any, be considered.[1] Hinze does not receive regular support payments from the father of her second child, and he is apparently under no legal obligation at this time to provide support.

Although this assistance possibly lessens Hinze's monthly needs, given the substantial increase in Fritzke's income and the inadequacy of his previous support obligation, modification in this case was clearly justified.[2] J.H. has a right to benefit from the increased income of both parents.

---

1. Section 518.64, subd. 2, was recently amended to read in pertinent part:
   > On a motion for modification of support, the court shall take into consideration the needs of the children and *shall not consider* the financial circumstances of each party's spouse, if any.
   1986 Minn.Laws ch. 406, § 8 (effective August 1, 1986).

2. It is admitted that the contributions made by the father of Hinze's second child might be considered, if at all, in deciding whether deviation from the child support guidelines is warranted. Although Fritzke did not initially request a deviation from the guidelines, on remand he should be allowed to raise this issue.

*Blomgren v. Blomgren,* 367 N.W.2d 918, 921 (Minn.Ct.App.1985).

## II

■■■■ Once the trial court finds that modification is warranted, it must determine the level of support upon modification. The statutory child support guidelines apply in all child support cases, including modification. *Moylan,* 384 N.W.2d at 864. *Moylan* distinguishes between the role the guidelines play in nonpublic assistance cases as opposed to public assistance cases: in public assistance cases the guidelines are "binding" (Minn.Stat. § 518.551, subd. 5(e)), while in nonpublic assistance cases they are merely intended as "starting points." *Id.,* 384 N.W.2d at 863. Because it is unclear from the record whether this is a public assistance case, on remand the trial court must make this determination.

If this is a nonpublic assistance case, express findings of fact must be made as to the factors considered in formulating the award. *Id.; see also Quaderer v. Forrest,* 387 N.W.2d 453, 456 (Minn.Ct.App.1986) (setting out findings required under *Moylan* ). If this is a public assistance case, findings are required only if the trial court deviates from the guidelines. Minn.Stat. §§ 518.17, subd. 5; 518.551, subd. 5(e). As a practical matter, where both parents are working, it is unrealistic to apply the guidelines mechanically, and deviation (either upward or downward) may well be justified.

The trial court found that Fritzke's net monthly income totalled $1,405.73, applied the guidelines as per one child, and ordered the award be set at $351 per month. Fritzke argues that the guidelines do not apply in this case because he and Hinze were never married. This proposition has been rejected as inconsistent with the parentage act and a violation of equal protection. *Thompson v. Newman,* 383 N.W.2d 713, 716 (Minn.Ct.App.1986); *Pitkin v. Gross,* 385 N.W.2d 367, 370–71 (Minn.Ct. App.1986); *Quaderer,* 387 N.W.2d at 457. Fritzke next argues that the trial court erred in its application of the guidelines based on only one child because he is sup-

porting two additional children from his present marriage. This argument has also been rejected recently. *See Erickson v. Erickson,* 385 N.W.2d 301, 304 (Minn.1986) ("[c]hildren by a subsequent marriage, while relevant to a trial court's decision, are not to be factored into the child support guideline tables * * * ").

Fritzke's final arguments relate to the trial court's calculation of his net income under the guidelines. He first contends the trial court erred in including all of his overtime pay in its determination of his net income. "Net income" is defined as "total monthly income" less certain deductions. The guidelines are designed to take into consideration "all earnings, income and resources of the obligor." Minn.Stat. § 518.-551, subd. 5.

■■■ Fritzke is employed as an over-the-road truck driver, and a substantial portion of his income consists of overtime pay. He notes that for the first six months of 1985, 45 percent of his total gross income consisted of overtime pay. The county and Hinze emphasize that because Fritzke's 1984 total gross income is almost equal to his total gross income for the first six months of 1985, his overtime is a regular part of his employment and is not merely seasonal or sporadic. The trial court's inclusion of Fritzke's overtime in its determination of his net income was deliberate and does not represent an abuse of discretion. Fritzke's overtime pay can be considered part of his spendable income and is thus available to meet the needs of his children, including J.H. *See Margeson v. Margeson,* 376 N.W.2d 269, 274 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Dec. 30, 1985).

■■■ Fritzke also argues that the trial court should have excluded the $92 per month that he pays for dependent health insurance. The county attorney apparently agreed that this is an allowable deduction under the guidelines. The trial court nevertheless refused to exclude the cost of this insurance because it does not cover J.H. This was error. "Net income" is defined under the guidelines as "[t]otal

monthly income less * * * cost of dependent health insurance coverage and cost of individual health/hospitalization coverage or an equivalent amount for actual medical expenses." Minn.Stat. § 518.551, subd. 5. Under the terms of the trial court's order, Fritzke is required to name J.H. as a beneficiary "on whatever medical, hospitalization or dental insurance or plan that is available to [Fritzke] on a group basis through his * * * employer or union." *See* Minn.Stat. § 518.551, subd. 8. On remand, after ensuring that J.H. is now covered under Fritzke's insurance, the trial court should allow deduction of this cost in determining his net income.

■ Although not raised by either party, the trial court also allowed exclusion of Fritzke's business expenses. Such a deduction is not one allowed under the guidelines' definition of net income. *See State ex rel. County of Hennepin v. Erlandson,* 380 N.W.2d 578, 581 n. 2 (Minn.Ct.App. 1986). Exclusion of Fritzke's business expenses represents a deviation from the guidelines, and if the trial court determines that an adequate factual basis exists, it would necessitate appropriate findings. *See Moylan,* 384 N.W.2d at 863.

### DECISION

The trial court did not abuse its discretion in finding that there had been a substantial change of circumstances warranting modification of Fritzke's child support obligation.

Because the trial court's findings are inadequate to support the award of support, the matter is remanded. On remand the trial court should determine whether this is a public assistance case or a nonpublic assistance case. In determining his net income under the guidelines, Fritzke should be allowed to deduct the cost of his dependent health insurance, as long as J.H. is now covered. If this is a nonpublic assistance case, the trial court must make findings revealing that it considered the appropriate factors in light of *Moylan.* If a public assistance case, the trial court must make similar findings in order to support a devia-

tion if Fritzke's business expenses are to be deducted.

**Affirmed in part and remanded for additional findings.**