In re the Marriage of Carole Jean RICE, Petitioner, Appellant,

v.

**Gerald Francis RICE, Respondent.**

**No. C0–86–495.**

Court of Appeals of Minnesota.

Sept. 9, 1986.

James J. Lawton, St. Paul, for appellant.

Lori M. Bellin, Eagan, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Carol Jean Rice appeals from a March 1986 dissolution judgment and decree. She claims the trial court's findings of the parties' necessary living expenses were erroneous. She also contends the trial court abused its discretion by setting child support at $300 per month, a 20% downward departure from the statutory guidelines, without making express findings showing consideration of the appropriate statutory factors. We affirm.

## FACTS

The parties' marriage was dissolved in March 1986 by a judgment and decree entered *nunc pro tunc* to December 30, 1985. They stipulated to joint legal custody of their twelve year old son, Todd. Appellant has physical custody. All issues other than child support were settled by stipulation. Following a November 1985 hearing, the trial court ordered respondent to pay $300 per month in child support, a 20% downward departure from statutory guidelines.

The trial court found that respondent, Gerald Rice, has a net monthly income of $1495.89, and that appellant, Carol Jean Rice, earns approximately $1922.31 net per month. The trial court found that respondent's monthly expenses are $1250, and appellant's monthly living expenses should amount to $2225.

At the hearing, appellant objected to respondent's monthly estimated rent figure of $450. The record shows that at the time of the hearing he was living with a friend and paid $257.20 per month as his share of the rent. However, he estimates it will cost $450 in rent to live alone.

In finding appellant's living expenses, the trial court stated, "This sum of money should adequately provide for the needs of the minor child to enjoy the standard of living he would have enjoyed had the marriage not been dissolved."

Under the guidelines, the child support award should be $374 per month. Minn. Stat. § 518.551, subd. 5 (1984). The trial court found:

> That the child support guidelines indicate that the Respondent's child support obligation should be $374 per month. However, given the facts as set forth herein, this Court believes that a lower amount should be awarded.

The court then ordered respondent to pay $300 per month in child support. This appeal followed.

## ISSUES

1. Did the trial court err in determining the parties' necessary monthly expenses?

2. Did the trial court abuse its discretion in deviating from the child support payment guidelines found in Minn.Stat. § 518.551, subd. 5?

## ANALYSIS

### I.

*Monthly expenses*

■ Appellant contends the trial court erred in determining the parties' necessary monthly living expenses. A trial court's finding will be reversed only if clearly erroneous. *See* Minn.R.Civ.P. 52.01. *See Rohling v. Rohling,* 379 N.W.2d 519 (Minn. 1986).

■ The trial court found respondent's necessary expenses amount to $1250 per month, and living expenses for appellant and Todd are $2225 per month. Although the trial court's figures on living expenses are not identical to those submitted by the parties, we cannot say they are clearly erroneous. It was within the trial court's discretion to consider future rent estimates in its findings concerning respondent's living expenses.

### II.

*Child support*

■ Trial courts have broad discretion in child support matters. *Halper v. Halper,* 348 N.W.2d 360, 363 (Minn.Ct.App.1984). If the trial court's determination has a reasonable and acceptable basis in fact, it must be affirmed on appeal. *Lukanen v. Lukanen,* 357 N.W.2d 380, 382 (Minn.Ct. App.1984).

Factors to be considered in setting child support include the financial resources and needs of the child and both parents; the standard of living the child would have enjoyed had the marriage not been dissolved; the physical and emotional conditions of the child and his educational needs. Minn.Stat. § 518.17, subd. 4 (1984). When deviating from the guidelines, courts must consider these factors and make express findings as to the reasons for a lower order. Minn.Stat. § 518.17, subd. 5. *Letourneau v. Letourneau,* 350 N.W.2d 476 (Minn.Ct.App.1984).

■ Here, the trial court found that Todd is a "normal, healthy, well-adjusted 12–year–old boy" with no financial resources of his own. The court considered the incomes and expenses of both parents and concluded that a $300 child support award would be sufficient to maintain a standard of living for Todd similar to the one he would have enjoyed if his parents' marriage had not dissolved. These findings adequately consider the statutory factors and are adequate to sustain this downward departure. *Kusel v. Kusel,* 361 N.W.2d 165, 167 (Minn.Ct.App.1985).

We are satisfied that the evidence and the trial court's findings sustain the modest downward deviation from the child support guidelines.

### DECISION

Based on the evidence in this case and the accompanying findings, the trial court did not err in setting child support.

Affirmed.