**STATE of Minnesota, ex rel. Carole Rae MENELEY, petitioner, Respondent,**

v.

**Craig James MENELEY, Appellant.**

No. C6–86–1182.

Court of Appeals of Minnesota.

Dec. 23, 1986.

Robert M.A. Johnson, Anoka Co. Atty., Donald E. Bruce, Asst. Anoka Co. Atty., Anoka, for respondent.

Kurt M. Anderson, Thomas P. Balyk & Associates, St. Paul, for appellant.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

HUSPENI, Judge.

Craig Meneley appeals from a trial court order increasing his child support obligation imposed under a Uniform Reciprocal Enforcement of Support Act (URESA) proceeding to $491.00 per month, the support guidelines amount. Appellant argues that in an intrastate URESA proceeding where the obligee is receiving public assistance, adherence to the child support guidelines is not mandated. He also claims that the trial court's findings are not sufficient to support a modification of his support obligation. We affirm.

## FACTS

Appellant and respondent were married in May 1970. A judgment dissolving their marriage was entered on July 1, 1983, by a St. Louis County Court. The findings accompanying that judgment indicated that respondent was working six hours a week for $3.75 an hour and was receiving AFDC. Appellant was found to be the sole proprietor of his own welding business, and his earnings were not ascertainable at the time the judgment was entered.

Custody of the parties' two children, ages eight and eleven at the time of the dissolution, was granted to respondent. The trial court reserved the issue of child support noting that respondent was receiving AFDC and appellant's ability to pay support had not yet been determined. Appellant was ordered to produce his business records for evaluation by the Child Support Collection Division. On May 7, 1984, the St. Louis County Court issued an order finding that appellant was self-employed and earning a gross monthly income of $425. He was ordered to pay $50 per month for child support.

On January 28, 1985, Anoka County brought a URESA action on behalf of St. Louis County asking for arrearages appel-

lant owed and for fair and reasonable support. A hearing was held on May 14, 1985, at which appellant appeared pro se.[1] On June 10, 1985, the trial court issued its findings, conclusions and order for judgment. The trial court found that appellant had a gross weekly income of $461, but that he was self-employed and had business related expenses. Because of these expenses, the trial court set appellant's support obligation at $262.50 per month which was below the guidelines amount. The order also scheduled a review hearing on May 6, 1986, to reassess appellant's ability to pay child support.

At the review hearing, appellant once again appeared pro se. At the time of this hearing, appellant was no longer self-employed but had taken employment with a welding company where he was earning $18.90 an hour. His net monthly income was $1,636. The trial court asked appellant if there were any reasons to depart from the guidelines. Appellant gave no specific reasons other than he still had bills and expenses from his failed business. The trial court issued an order and judgment that increased appellant's support obligation to $491 per month, which is the amount specified under the guidelines.

## ISSUES

1. Do the child support guidelines apply to URESA proceedings where the custodial parent is receiving public assistance?

2. Are the trial court's findings sufficient to support a modification of appellant's child support obligation?

## ANALYSIS

### I.

Appellant contends that even though respondent is receiving public assistance, the trial court was not required to adhere strictly to the child support guidelines be-

cause this was a URESA proceeding. Appellant concedes that in a URESA proceeding, the law of the state enforcing the duty of support applies. *See State ex rel. McDonnell v. McCutcheon,* 337 N.W.2d 645, 648 (Minn.1983); Minn.Stat. § 518C.17, subd. 1 (the court shall order support payments under Chapter 518). However, appellant argues that the language of Minn. Stat. § 518.551, subd. 5 (1984), which makes the guidelines applicable to public assistance cases, does not apply to URESA.

■ Section 518.551, subd. 5 provides in part:

Notice to public authority; guidelines. The petitioner shall notify the public authority of all proceedings for dissolution, legal separation, determination of parentage or for the custody of a child, if either party is receiving aid to families with dependent children or applies for it subsequent to the commencement of the proceeding.

Appellant claims that because URESA proceedings are not specified in this notice provision, the entire section which sets out the support guidelines does not apply to URESA proceedings. We cannot agree.

In *Kusel v. Kusel,* 361 N.W.2d 165 (Minn.Ct.App.1985) this court specifically stated that the child support guidelines are applicable to URESA proceedings.

Minn.Stat. § 518C.17, subd. 1 (Supp.1983) provides that child support in URESA actions should be set "according to Chapter 518," which includes the guidelines. The supreme court has made it clear that a URESA action is an *independent* action in which Minnesota's domestic law relating to support is applied.

*Id.* at 167. While section 518.551, subd. 5 may limit the notice requirement to certain proceedings, the overall application of the section does not require the same limita-

---

1. Appellant moved this court to modify the record to include a transcript of the proceedings of this hearing. By order of this court dated August 20, 1986, the issue was reserved for panel consideration. Respondent has made no

objection to the inclusion of this transcript in the record. Therefore, we grant appellant's motion to modify the record to include the transcript of the May 14, 1985, hearing.

tion.[2]  We can think of no rational basis for adopting the interpretation advanced by appellant.  Such interpretation would result in gross disparities in the application of the child support laws.

## II.

Appellant next argues that the trial court's findings do not support a modification in his child support obligation.  The trial court found in part:

That the respondent has an ability to pay an increased amount of child support, due to his changing his employment and having increased income.

That the respondent's arguments which were presented to the court for a departure from the guidelines, do not justify departure in this case.

That the respondent is reasonably able to pay 30 percent of $1,636.00 or $491.00 per month in ongoing child support effective June 1, 1986.

■  The increase in appellant's support obligation in this case is not the modification contemplated by Minn.Stat. § 518.64, subd. 2.  In this case, the trial court specifically noted in its 1985 order that appellant's earning potential was questionable and therefore ordered that the support amount be reexamined in one year.  The trial court recognized that appellant's earning capacity at the time of the 1985 hearing was only temporary and ordered an interim support obligation until his employment situation had stabilized.

■  Even if the increase in appellant's support obligation was considered to be a modification under section 518.64, subd. 2, the trial court's findings are sufficient to support the increase.  In *Moylan*, 384 N.W.2d 859, the supreme court set out a two-step analysis for application of section 518.64, subd. 2.  The analysis asks: (1) was there a substantial change in circumstances warranting a modification, and (2) what should the modification be in light of the children's needs and the financial situation of the parties' spouses.[3]  *Id.* at 864.

■  In the present case the trial court found that appellant had changed employment and increased his income and was therefore able to pay an increased amount of child support.  Because the obligee in this case was receiving public assistance, the trial court was required to apply the guidelines under the second step of the *Moylan* analysis.  Under these circumstances, specific findings are required only if the trial court has deviated from the guidelines.  Minn.Stat. § 518.551, subd. 5(e); *Carver County Community Social Services v. Fritzke*, 392 N.W.2d 290, 293 (Minn.Ct.App.1986).

Appellant argues that strict application of the guidelines was erroneous because the trial court did not make a specific finding in its 1986 order that respondent was receiving public assistance.  At the 1985 hearing, the County offered an affidavit from St. Louis County verifying that the obligee was receiving public assistance.  No further evidence was submitted on this point at the 1986 hearing except that the counsel for the County stated to the court that respondent was still receiving public assistance.

■  Whether an obligee is receiving public assistance is of importance in the application of the child support laws of this state, and counties should be cautious in their documentation and proof of this issue.  The county attorney's assertion to the trial

2.  We note also that whether or not public funds are involved, the obligee in a URESA action is represented by the prosecuting attorney (Minn. Stat. § 518C.07) and payments received from the obligor are disbursed through the public authority responsible for support enforcement (Minn.Stat. § 518C.27, subd. 2).  A notice requirement pursuant to Minn.Stat. § 518.551, subd. 5, would, it appears, be of little practical value in URESA actions.

3.  A 1986 amendment to section 518.64, subd. 2 removed from consideration by courts the financial circumstances of the spouses of parties. The pertinent language of subd. 2 now reads:

On a motion for modification of support, the court shall take into consideration the needs of the children and shall not consider the financial circumstances of each party's spouse, if any.

court should have been supplemented by a current affidavit verifying that respondent was still receiving public assistance. We note, however, that prior to this appeal appellant raised no objection to the County's lack of proof on this issue. Further, appellant still has not asserted any facts or made any claim that respondent is not receiving public assistance, only that the County's proof of this matter was inadequate. Under the circumstances where an officer of the court made the representation of respondent's continued receipt of AFDC benefits, we discern no error in the trial court's finding on this issue.

## DECISION

The trial court properly applied the child support guidelines to increase appellant's child support obligation to the amount indicated for obligee's receiving public assistance.

Affirmed.