COUNTY OF RAMSEY, (Vicki Benson), Respondents,

v.

Rocklin (Rockland) SHIR, Appellant.

No. C7–86–1529.

Court of Appeals of Minnesota.

April 7, 1987.

Review Denied May 28, 1987.

Tom Foley, Ramsey Co. Atty., Brad A. Johnson, Asst. Ramsey Co. Atty., St. Paul, for respondents.

Terrance S. O'Toole, Ann M. Tanke, St. Paul, for appellant.

Considered and decided by FORSBERG, P.J., and RANDALL and STONE,\* JJ., with oral argument waived.

## OPINION

STONE, Judge.

This appeal is from an order setting child support and granting judgment to the county for a portion of support furnished since 1982. We reverse and remand.

## FACTS

This paternity action was commenced in October 1978 by respondent Ramsey County on behalf of Vicki Benson. The complaint alleges that appellant Rocklin (Rockland) Shir is the father of L.M.K., born to Benson in 1975.

On September 1, 1981, an order was filed adjudicating Shir to be the father of the child, obligating him to "support, maintain, care for and educate the child," and ordering that the county conduct a financial investigation of both parties so that child support could be set. A hearing was to be scheduled following the completion of this financial investigation.

For over four years no further action was taken, until February 10, 1986, when Shir was served with this motion to set child support and "for a proportion of past support for the child incurred in the two (2) years preceding commencement of this action."

Benson now lives with her mother along with her three children, L.M.K. and two children subsequently born in 1979 and 1985. Although the father of Benson's two other children has been ordered to pay child support, he has never done so and is in arrears. An affidavit accompanying the February 1986 motion indicated that L.M.K. was receiving assistance and that she had received a total of $9,523.24 in benefits. A subsequent letter from another county employee to the referee assigned to the case, indicates that Benson's public assistance grant was closed in April 1986. (The benefits, if any, received by the other two children were not established.)

Shir, who was a medical student in 1981, is now employed as a physician. He is married and has two children, born in 1982 and 1985.

In an order dated August 1986, the trial court approved the referee's findings determining Shir's net monthly income to be $4,112.80. Shir's support obligation was set at 25% of that income, or $1,028 per month, based on application of the guidelines for one child. Shir was further found to be liable for one-half of the AFDC benefits received on behalf of L.M.K. since 1982, and judgment was granted in favor of the county in the amount of $4,761.62. This appeal followed.

## ISSUES

1. Did the trial court err in awarding the county reimbursement of AFDC pay-

---

\* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

ments received since 1982 by characterizing this action as a continuation of the 1981 paternity adjudication?

2. Are the trial court's findings setting child support adequate?

### ANALYSIS

#### I

Shir contends that the trial court erred in granting the county judgment for support it has provided since 1982. The trial court accepted the county's assertion that its entitlement to past support is based upon the following provision in the Parentage Act:

> Subd. 4. Statute of Limitations. * * The court shall limit the parent's liability for past support of the child to the proportion of the expenses that the court deems just, which were incurred in the two years immediately preceding the commencement of the action.

Minn.Stat. § 257.66, subd. 4 (1986). This motion was thus treated as a continuation of the 1978 paternity action.

■ A county's request for past support has been viewed as a request for contribution under Minn.Stat. § 256.87 (Supp.1985). *Isanti County Family Services v. Swanson,* 394 N.W.2d 180, 183 (Minn.Ct.App. 1986). Actions for contribution or reimbursement of public assistance payments are separate and distinct from actions to set child support. *Isanti County v. Formhals,* 358 N.W.2d 703, 705 (Minn.Ct.App. 1984); *County of Anoka v. Richards,* 345 N.W.2d 263, 266–67 (Minn.Ct.App.1984).

■ In an action for reimbursement, a parent's liability is limited "to the amount of assistance furnished during the two years immediately preceding the commencement of the action, * * *." Minn. Stat. § 256.87, subd. 1 (Supp.1985). While the county should have brought a separate reimbursement action, we shall in this case, in the interests of judicial economy, treat the motion as the commencement of such an action. *See Hennepin County v. Geshick,* 387 N.W.2d 439, 441 (Minn.Ct.App. 1986). The county will be limited to reimbursement of one-half of the assistance provided two years prior to service of this

motion in 1986 rather than two years prior to commencement of the paternity action in 1978. *See Swanson,* 394 N.W.2d at 183.

#### II

■ *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986) *mandates* that express findings of fact must be made in (1) all child support cases not involving public assistance and (2) public assistance cases in which the trial court departs from the child support guidelines. *Id.* at 863; *see also State ex rel. Meneley v. Meneley,* 398 N.W.2d 28, 31 (Minn.Ct.App.1986); *Carver County Community Social Services v. Fritzke,* 392 N.W.2d 290, 293 (Minn.Ct.App. 1986). Without such findings, a trial court's decision is without foundation and cannot be understood on appeal. *Moylan,* 384 N.W.2d at 863.

In this case, only the income of the parties was considered; no other findings were made and the guidelines were strictly applied. Under *Moylan,* application of the guidelines without further findings is proper *only* if this is a public assistance case. Unfortunately, the findings of the referee, as approved by the trial court, did not include a specific finding on this issue.

In *Meneley,* the trial court similarly failed to make a specific finding as to whether the custodial parent was receiving public assistance. *Meneley,* 398 N.W.2d at 31. This court emphasized:

> Whether an obligee is receiving public assistance is of importance in the application of the child support laws of this state, and counties should be cautious in their documentation and proof of this issue. The county attorney's assertion to the trial court should have been supplemented by a current affidavit verifying that respondent was still receiving public assistance.

*Id.* at 31–32. Because the record in *Meneley* established the continued receipt of public assistance, the trial court's strict application of the guidelines was nonetheless upheld.

■ Unlike *Meneley,* the record in this case is unclear and suggests that Benson

no longer receives public assistance. While Shir raises no objection to the county's lack of proof on this issue, such a finding is necessary for proper review. *See Moylan*, 384 N.W.2d at 863. This case is therefore remanded for further proceedings and findings. *See Fritzke*, 392 N.W.2d at 293. If Benson no longer receives assistance, additional findings as to the factors considered by the trial court in formulating the award of support are required. *See Quaderer v. Forrest*, 387 N.W.2d 453, 456 (Minn.Ct. App.1986) (setting out findings required under *Moylan*); Minn.Stat. § 518.551, subd. 5 (1986). Even if she still receives assistance, under the 1986 amendments the trial court is required to consider a number of factors in addition to the guidelines. Minn.Stat. § 518.551, subd. 5(b) (1986).[1]

■ On remand, the trial court must consider the actual needs of L.M.K. Shir argues that those actual needs justify a downward deviation because an award based on strict application of the guidelines will more than fully support Benson's entire five-person household. While L.M.K. is entitled to benefit from the income of the noncustodial parent, the mother, grandmother and the other two children are not. *Pitkin v. Gross*, 385 N.W.2d 367, 370 (Minn.Ct.App.1986) (quoting *Letourneau v. Letourneau*, 350 N.W.2d 476, 478 (Minn. Ct.App.1984)).

■ On remand, the trial court must also assess Shir's needs and reasonable expenses. In so doing, the expenses incurred by Shir in raising a second family may properly be considered. While an obligor cannot avoid his support obligation by voluntarily incurring new liabilities, including obligations to a second family, consideration can be given to later-born children in setting child support. *County of Ramsey v. Faulhaber*, 399 N.W.2d 617, 619 (Minn. Ct.App.1987). Subsequent children are clearly relevant, but "are not to be factored into the child support guideline tables in Minn.Stat. § 518.551, subd. 5 (1984)." *Erickson v. Erickson*, 385 N.W.2d 301, 304 (Minn.1986).

■ Expenses Shir has incurred in caring for his subsequent family (children born in 1982 and 1985), are particularly relevant given the county's unreasonable delay in moving to set child support. Although Shir asserts laches, he cannot show true prejudice because he has been aware of his obligation to support L.M.K. since 1981. Nor is laches available as a defense to an action such as this when a legal remedy is sought for a legal right. *See M.A.D. v. P.R.*, 277 N.W.2d 27, 29 (Minn. 1979) (defense of laches inapplicable to a belatedly commenced paternity action).

■ Based on information supplied by Shir, a county employee provided the court with three estimates of Shir's income. The monthly net income figure chosen ($4,112.80), is the lowest of those three estimates and is based on Shir's own statement that he works "52–60" hours per week at $26.997 per hour. Shir should not be allowed to complain about the calculation of his net income when he failed to provide a copy of his 1985 tax return, even though requested to do so. *See Formhals*, 358 N.W:2d at 706–07. However, on remand the trial court may recalculate his current net income based on any additional information that may be available.

## DECISION

1. The trial court's grant of judgment to the county in the amount of $4,761.62 is reversed. On remand, recovery by the county is limited to reimbursement of one-half of the support it has provided since February 10, 1984.

2. To establish its entitlement to any reimbursement, the county is required to show Shir's ability to pay and "the amount of assistance furnished" to and for the benefit of the child L.M.K. Minn.Stat. § 256.87, subd. 1 (Supp.1985).

3. The trial court's findings setting child support are inadequate. On remand, the trial court must make express findings

---

1. The hearing was on July 24, 1986 and the order was signed August 4, 1986. The statute became effective August 1, 1986. Minn.Stat. § 645.02 (1986).

**718**

as required by *Moylan*, 384 N.W.2d 859, and by Minn.Stat. § 518.551, subd. 5 (1986).

Reversed and remanded.