COUNTY OF ANOKA, Respondent,

v.

Lee Roy RICHARDS, Appellant.

No. C1–83–1351.

Court of Appeals of Minnesota.

March 14, 1984.

264

John J. Berglund, Berglund & Varco, Ltd., Anoka, for appellant.

Robert A. Johnson, County Atty., Janice Allen Wheat, Asst. County Atty., Anoka, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ.

## OPINION

PARKER, Judge.

This is an appeal from an order of the Anoka County District Court that resulted from an action commenced by the County on April 28, 1983, pursuant to Minn.Stat. § 256.87, subd. 1, to recover money from a parent of a child receiving public assistance. The order, dated August 29, 1983, awarded Anoka County a money judgment against appellant in the amount of $11,041.50, which represented reimbursement of that portion of the public assistance paid by the County from April 1, 1981, through May 31, 1983. We affirm.

## FACTS

Appellant is a wounded Vietnam War veteran who was released from the Army in April 1971 with a 30 percent disability rating.

On June 20, 1978, based upon a written stipulation of the parties to a paternity action, appellant was adjudicated the father of twins born out of wedlock on March 22, 1975, in Minnesota. Judgment was entered on June 27, 1978. The court order provided, in relevant portion:

(2) That the defendant shall henceforth be subject to all the obligations for the care, maintenance and education of said children and all the penalties for failure to perform the same which are or shall be imposed by law upon the father of legitimate children of like age and capacity.

(3) * * * that the defendant is obligated to pay a fair and reasonable sum as

and for child support for said minor children.

(4) That said child support for the minor children of the parties *should be reserved for future consideration* by the Court, and that the defendant shall apply for Veteran's benefits to be applied toward the support of the minor child of the parties.

(Emphasis supplied).

On June 29, 1978, a letter from Wayne Williams, Anoka County Social Services, was mailed to appellant confirming that the court had ordered appellant to apply to the Veterans Administration for benefits for the children. Mr. Williams asked appellant to report the status of his V.A. application to Williams immediately. Appellant did not respond to Anoka County Social Services, and no veteran's benefits or child support were ever received for the children.

Following the paternity adjudication, the County lost track of appellant. Appellant's name was misspelled in the County's records, hampering their efforts to find him. In 1983 he was finally located.

On April 28, 1983, a contribution action was commenced. The County sought an order for ongoing child support pursuant to Minn.Stat. § 256.87 and sought an order reducing to judgment the amount of public assistance expended within the last two years by Anoka County. Anoka County had expended $34,909 for the support of the children through March 28, 1983; $11,199 had been expended since April 1981, two years preceding commencement of the action. The trial court ordered ongoing child support of $437 per month and ordered appellant to resubmit to the Veterans Administration the claim for benefits for the children. The court took the matter of reimbursement of past public assistance expended under advisement and requested memoranda from counsel.

On August 29, 1983, a second order was issued awarding a money judgment of $11,041.50 against appellant. Mr. Richards appealed, contending that (1) the trial court erroneously ignored the original trial court's findings and judgment that the child support of the minor children should be reserved for future consideration by the court; (2) the County's failure to provide notice to him of the continuing expenditure of AFDC assistance violates due process and the statutory notice provisions of Minn. Stat. § 256.87; and (3) the County made no showing that appellant had the ability to pay and that such payments would be reasonable under the circumstances.

## ISSUES

1. Did the trial court err in entering judgment against appellant for past assistance expended for the support of his children, pursuant to Minn.Stat. § 256.87 where child support was previously reserved pursuant to a paternity adjudication?

2. Did appellant have adequate notice of his obligation to contribute to the support of his children?

3. Did the trial court properly determine appellant's liability under Minn.Stat. § 256.87 for previously paid public assistance?

## ANALYSIS

1. Appellant claims that the portion of the order reserving the amount of child support for future consideration is binding on the trial court in the present action for reimbursement and must control; that Anoka County is "estopped" from retroactive recovery because the court accepted the stipulation and appellant reasonably relied upon the "settlement contract made with Anoka County"; and that the County's claim to reimbursement for public assistance is barred by the first judgment, i.e. res judicata.

Appellant's arguments are not persuasive. The only significance the 1978 paternity adjudication has to the present action for reimbursement of AFDC expended is that it establishes that the appellant is the father of the twins and imposes upon him an obligation to support his children.

Because appellant was unemployed in 1978, there was no basis at that time for setting child support in an exact dollar amount. But appellant has at all times been obligated, pursuant to the 1978 order, to provide for the care and maintenance of the children and pay a reasonable sum for child support (see Order, ¶¶ (2), (3)).

2. Did appellant have adequate notice of his obligation to contribute to the support of his children?

Apparently the only correspondence between Anoka County and appellant was the letter sent by Mr. Williams of the Social Services Department subsequent to the paternity adjudication.

Appellant's objection based on the notice requirements of Minn.Stat. § 256.87, subd. 1a, is misleading. Citing only a portion of that section, appellant argues that the statute specifically requires that proper notice be given before this action may be commenced.

■ However, when the above section is read in its entirety, it is clear that the notice requirement does not pertain to an action for reimbursement of past public assistance expended. Minn.Stat. § 256.87, subd. 1a, reads as follows:

> In addition to granting the county or state agency a money judgment, the court may, upon a motion or order to show cause, order continuing contributions by a parent found able to reimburse the county or state agency. The order shall be effective only for the period of time during which the recipient receives public assistance from the county or state agency. An order for continuing contributions is reinstated without further hearing upon notice to the parent by the county or state agency that assistance is again being provided for the child of the parent under sections 256.72 to 256.87. * * *

Not only has appellant misconstrued subd. 1a as applying in this case, but appellant ignores subdivision 1 of § 256.87, which does not require notice to proceed in a contribution action. We note that the

legislature deleted any notice requirement from Minn.Stat. § 256.87 in 1981. *Laws of Minnesota 1981*, Chapter 360, Article 2, Section 21.

■ We observe further that under the terms of the 1978 paternity order, appellant had notice that AFDC was being expended. Paragraph eight of the order reads "that the plaintiff [mother of the twins] is presently a recipient of Aid to Families with Dependent Children in the County of Anoka, State of Minnesota." Therefore, in view of the stipulation and the court order, appellant had adequate notice of his obligation to contribute to the support of his children.

3. Did the trial court properly determine appellant's liability under Minn.Stat. § 256.87 for previously paid assistance?

Appellant contends that the trial court applied the wrong standard in determining his liability for previously paid assistance. The first basis for this claim is Minn.Stat. § 256.87, subd. 1, which states that a parent is only liable for the amount of assistance furnished which the parent is "reasonably able to pay."

■ In 1978, appellant was unemployed and had no income except from veteran's disability benefits. However, in 1983 appellant had a weekly take-home income from his job at the U.S. Post Office of approximately $375 per week in addition to the $230 he received each month from veteran's benefits. Although appellant has other financial obligations, it was reasonable for the trial court to determine that with the income appellant is now earning, he is able to repay the County.

■ The second basis for appellant's claim, i.e. that this matter should have been adjudicated according to Minn.Stat. § 518.-64 on modification of orders, is discussed by the trial court in a well-reasoned memorandum accompanying the order of August 23, 1983:

> *       *       *       *       *       *

> An Order entered pursuant to Minnesota Statutes § 256.87 does not modify the

child support provision in the paternity adjudication, and is not governed by the modification provisions of Minnesota Statutes § 518.64, subd. 2. Minnesota Statutes § 256.87 is a separate cause of action available to the County for the purpose of recovering a portion of past assistance granted. Had the mother of the child not received public assistance, she would not have had the right to receive a judgment for retroactive support for the two year period and would be bound by the terms of the paternity Order until it is modified.

\*　　\*　　\*　　\*　　\*　　\*

Where the absent parent has had the ability to contribute to the support of his children, and because of his failure to do so, the family has had to rely on public assistance for support, the County's interest in recovering its costs from the obligor to the extent of his ability is in the public interest. The Minnesota Supreme Court has consistently recognized the County's interest in protecting the public to the extent possible against the child's becoming a public charge. *State v. Jeffrey*, 247 N.W. [692] 693 (Minn. [1933]), *State v. Sax*, [231 Minn. 1], 42 N.W.2d 68 [680] (Minn.1950). As between the parent and the public, the primary obligation of support of a child should fall on the parent and the County should only be expected to contribute to the extent that the parent is unable.

We agree with the trial court that Minn. Stat. § 518.64, subd. 2, dealing with modification of orders is inapplicable to this case.

### DECISION

We affirm the order of the trial court.