HENNEPIN COUNTY and Susan Kay
Seller, Appellants,

v.

Raymond GESHICK, Respondent.

No. C4–86–113.

Court of Appeals of Minnesota.

May 13, 1986.

Thomas L. Johnson, Hennepin Co. Atty.,
Theresa Farrell, Asst. Co. Atty., Minne-
apolis, for appellants.

Ronald S. Goldser, Zimmerman, Caplan
& Reed, Minneapolis, for respondent.

Heard, considered and decided by SEDG-
WICK, P.J., and PARKER and FORS-
BERG, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from two orders re-
garding child support and AFDC reim-
bursement in a paternity action. The trial
court awarded judgment for arrearages
owed by the father, but awarded current
support based on AFDC expended for the
child, rather than on the statutory guide-
lines. We affirm the judgment for arrear-
ages, and reverse and remand the support
award.

## FACTS

Hennepin County brought this action in
November, 1983, to adjudicate paternity
and establish child support. Respondent
Raymond Geshick had by affidavit ac-

knowledged paternity. The child's mother was receiving AFDC and had assigned her rights to support in April, 1983.

Geshick argued he should pay as child support only the amount of AFDC actually expended for the child. The mother had three other children, by another man, who were also on AFDC. Geshick claimed he should pay only the "incremental" amount of AFDC attributable to his child.

The trial court found Geshick to be the father of the child and awarded him joint legal custody. The court found his net monthly income to be $1090, but continued the matter of child support.

The parties submitted memoranda on the issue of "child support and reimbursement of public assistance," and a hearing was held in April, 1984. Following the hearing, the court issued its order. Noting that the child would be off AFDC as of May 1, 1984, and that the county was seeking "reimbursement for public assistance provided," the court ordered reimbursement in the amount of $1,336. This represented $72 per month, the AFDC "incremental" amount attributable to Geshick's child, for 11 months, plus $272 per month, the guidelines figure, for March and April, 1984.

The child was off AFDC from May, 1984 to November of that year. Geshick paid only $50 of the reimbursement ordered.

The county brought a motion in April, 1985, for a determination of current "reimbursement" for AFDC, and for a judgment for past "reimbursement." The trial court found that Geshick was in arrears, and ordered monthly payments to discharge the arrearage. It also ordered "temporary current child support" of $74 per month. The matter of ongoing child support was continued.

Following a hearing on the support issue, the trial court made the following finding:

The petitioner and her four minor children are receiving public assistance. Only one of the children is the child of the respondent. If the respondent pays *child support* pursuant to the guidelines (i.e., $250.00 per month), he will, in ef-

fect, be *reimbursing* the county for public assistance which is being expended for the other three children.

(Emphasis added). The court ordered "current child support" of $126.25 per month, representing ¼ of the children's portion of the grant. Support was to continue "so long as petitioner receives public assistance for said child."

The county sought reconsideration of this order. The trial court declined to amend the order, citing the reimbursement statute, Minn.Stat. § 256.87, as well as case law allowing downward deviations from the child support guidelines.

## ISSUE

Did the trial court err in failing to order current child support according to the child support guidelines?

## ANALYSIS

■ The statutory action for reimbursement (or contribution) for AFDC expended, Minn.Stat. § 256.87, is entirely separate from the matter of child support. *Isanti County v. Formhals,* 358 N.W.2d 703 (Minn.Ct.App.1984); *County of Anoka v. Richards,* 345 N.W.2d 263 (Minn.Ct.App. 1984).

■ As part of a paternity action, the trial court determines the matter of child support. Minn.Stat. § 257.66, subd. 3 (1984). The trial court is not required to set an amount for ongoing child support, but there were no grounds apparent here for a reservation of child support. *Cf. County of Anoka,* 345 N.W.2d 263, 265–66 (support reserved where the father was unemployed). Child support in paternity actions is governed by the dissolution statutes. Minn.Stat. § 257.66, subd. 3. The child support guidelines apply particularly where the child is receiving public assistance. Minn.Stat. § 518.551, subd. 5 (1984); *see Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986) (guidelines not to be followed blindly in non-assistance cases).

■ Reimbursement is a separate statutory remedy available to the public authority:

> "[Minn.Stat.] § 256.87 is a separate cause of action available to the County for the purpose of recovering a portion of past assistance granted."

*County of Anoka*, 345 N.W.2d 263, 267. Reimbursement is not governed by the child support guidelines, but by two separate standards: 1) the parent's ability to pay; and 2) "the amount of assistance furnished" to and for the benefit of the child. Minn.Stat. § 256.87, subd. 1 (1984).

The county never brought a statutory action for reimbursement under Minn.Stat. § 256.87. Instead it chose to argue reimbursement, and later make a motion for reimbursement, in this paternity action.

The county succeeded by assignment to all the rights of the mother, including the right to past-due child support once a support order was set. The county had the authority to bring a paternity action on behalf of the mother as well as to protect its own interests. Minn.Stat. § 257.57, subd. 2 (1984). In order to receive support according to the guidelines, however, it first had to get an order establishing ongoing support.

■ The county was obligated to seek a current support order not only to protect its own rights under the assignment but also to protect the rights of the mother, whom it represented. Instead, faced with a child going off AFDC on May 1, 1984, the county chose to pursue its reimbursement rights, at the expense of confusing them with the mother's right to current support. As a result, the mother was left with no court-ordered support when the child went off AFDC.

The trial court should have established an ongoing support award after adjudicating paternity in April, 1984. Its August, 1985 order, although termed "current child support," must be treated as a reimbursement order. The reimbursement statute provides for an order for "continuing support contributions," in the nature of reimbursement. *See* Minn.Stat. § 256.87, subd.

1(a) (1984) (support guidelines do not apply until after termination of public assistance). Therefore, we must remand for determination of an ongoing child support award, following the statutory guidelines.

Although appellant should have brought a separate reimbursement action, the interests of judicial economy would be served by treating its motions as the bringing of such an action. Accordingly, we affirm the amounts ordered to date, considering as reimbursement both the payment on the arrearages and the ongoing contribution or "support" award. Although liability for reimbursement is limited to the two years preceding the bringing of a reimbursement action, we note that the county initially moved to establish child support, which would have extended respondent's liability to ten years. Minn.Stat. § 256.87, subd. 1.

### DECISION

The trial court erred in failing to order current child support in accordance with the statutory guidelines. We remand for issuance of a support order and affirm the amounts ordered, treating them as reimbursement.

Affirmed in part, reversed in part and remanded.