STATE of Minnesota, ex rel. REGION VIII NORTH WELFARE On Behalf Of Shirley E. EVANS, etc., Petitioner, Appellant,

v.

Edward Samuel EVANS, Respondent.

No. C2–86–1406.

Court of Appeals of Minnesota.

March 10, 1987.

David W. Peterson, Co. Atty., Kathleen A. Kusz, Asst. Co. Atty., Marshall, for appellant.

Donald A. Hillstrom, Minneapolis, for respondent.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

FORSBERG, Judge.

By summons and complaint dated August 2, 1985, appellant sought to recoup

from respondent payments made to Shirley Evans as Aid to Families with Dependent Children (AFDC). Appellant also sought an order for ongoing child support from respondent. The trial court denied appellant's request for past reimbursement of AFDC payments and set child support to be paid by respondent in the amount of $450 per month. We affirm.

## FACTS

On October 29, 1979, Shirley Evans and respondent Edward Evans were granted a dissolution of marriage. The custody of their six children was split between them, with respondent awarded custody of four of the children and his wife awarded custody of the other two. It was agreed by way of stipulation that no child support would be paid by or to either party. The dissolution decree stated: "That neither the petitioner nor the respondent is awarded any support from the other party for the minor children in their custody. That the court finds that there is not sufficient funds with which to order any support payments."

Shirley Evans has received public assistance for the benefit of the children in her custody since 1979. For approximately two years preceding this action, Ms. Evans received $528 a month from Region VIII North Welfare, or a total of $12,336.

Respondent is employed full-time as an Art Professor at Southwest State University. He has been employed by the University for 16 years. His gross yearly salary from this position is currently $40,000. Respondent also works as a free lance artist, with the $1000–$2500 earned from that venture approximately equaling expenses. According to the financial statement submitted to the court, respondent is currently paying mortgages on three properties, his personal residence, his ex-wife's residence, and a rental property. The mortgage on his $46,000 home is $46,000, for his ex-wife's $60,000 home he owes $2,000, and for the $30,000 rental he owes $27,000. The income from the rental property approximately equals the expenses of the upkeep of that property. Respondent cur-

rently supports his second wife, and three of the children in his custody, and provides partial support for a fourth child. In addition, respondent has a total of approximately $30,000 in unpaid debts, on which he pays $1,000 per month.

Appellant County brought this action under Minn.Stat. § 256.87, subd. 1 (1984) to recoup from respondent welfare payments made to Shirley Evans. The County sought reimbursement of $12,336 paid to Ms. Evans during the statutory two-year time period. Appellant also sought an order from the court determining child support payments to be paid by respondent.

The trial court denied appellant's request for past reimbursement, finding that respondent had no reasonable ability to pay AFDC payments totaling $12,336. Upon review of the respondent's income and the Minnesota child support guidelines, the trial court did, however, grant appellant's request to order respondent to begin making child support payments in the amount of $450 per month.

The County appeals from the denial of its request for reimbursement and seeks an award of costs and disbursements. Respondent seeks reversal of the judgment determining child support.

## ISSUES

1. Did the trial court err in denying appellant's request for reimbursement of welfare payments pursuant to Minn.Stat. § 256.87, subd. 1?

2. Did the trial court err in setting child support payments in the amount of $450 per month?

3. Did the trial court err by not awarding appellant costs and disbursements?

## ANALYSIS

### I.

Appellant assigns as error the trial court's failure to order respondent to reimburse the County pursuant to Minn.Stat. § 256.87, subd. 1. Appellant argues that the statutory imposition of liability under

§ 256.87 is mandatory, and that the only discretionary action was in determining the amount respondent was reasonably able to pay.

Minn.Stat. § 256.87, subd. 1 (Supp.1985) provides, in part, as follows:

A parent of a child *is* liable for the amount of assistance furnished under sections 256.72 to 256.87 to and for the benefit of the child, including any assistance furnished for the benefit of the caretaker of the child, which the parent has had the ability to pay. The parent's liability is limited to the amount of assistance furnished during the two years immediately preceding the commencement of the action, * * *.

(Emphasis supplied.) The conclusory language of this provision does not strip the court of all discretion in this matter. Case law interpretations of this section establish the discretionary nature of the cause of action and the granting of relief. In *In Re the Marriage of Maskrey v. Maskrey*, 380 N.W.2d 598 (Minn.Ct.App.1986), this court stated that § 256.87 "allows the county * * to bring an action to require a parent to pay at least a portion of AFDC expended over a two-year period, depending on the parent's ability to pay." *Id.* at 601. *See also County of Lake v. Hungerford*, 356 N.W.2d 405, 406 (Minn.Ct.App.1984). The language of the statute permits the county to bring the action but it remains within the court's discretion to determine whether to order reimbursement and how much reimbursement to order. Reimbursement is governed by two standards: 1) the parent's ability to pay, and 2) the amount of assistance furnished to and for the benefit of the child. Minn.Stat. § 256.87, subd. 1; *Hennepin County v. Geshick*, 387 N.W.2d 439, 441 (Minn.Ct.App.1986).

■ In this case, the trial court found that respondent's gross income of $41,000 approximately equaled his expenses, and that he had no savings with which to pay back the $12,336 in AFDC payments expended by the County. The court correctly assessed the two relevant factors—ability to pay and amount owed—in arriving at a determination that respondent was not reasonably able to pay back the amount requested as reimbursement. Under the facts of this case the court's determination was not unreasonable nor is it contrary to the intention of the statute which is to avoid public responsibility for support of a child *if* the parent is able to pay. *See County of Anoka v. Richards*, 345 N.W.2d 263, 267 (Minn.Ct.App.1984).

## II.

■ Respondent argues that the trial court abused its discretion in ordering him to pay $450 a month in child support because this was a modification of a child support order made without consideration of the appropriate factors and without the required findings. Appellant characterizes the trial court's order in this case as one for ongoing reimbursement under § 256.87, subd. 1a, in which case the standards governing modification do not apply. Minn. Stat. § 256.87, subd. 1a states:

In addition to granting the county or state agency a money judgment, the court may, upon a motion or order to show cause, order continuing support contributions by a parent found able to reimburse the county or state agency.

The statutory action for ongoing reimbursement for AFDC expended provided in § 256.87, subd. 1a is entirely separate from the matter of child support. *Isanti County v. Formhals*, 358 N.W.2d 703, 705–06 (Minn.Ct.App.1984). If the court modifies an order for child support, the child support guidelines must be considered and the trial court must make the appropriate findings in its order to support the modification. Minn.Stat. § 518.64, subd. 2 (1984), *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986). Reimbursement, on the other hand, is not governed by the child support guidelines, and requires only that the trial court support its decision with an evaluation of the parent's ability to pay and the amount of assistance furnished. *Geshick*, 387 N.W.2d at 441.

In this case, the County, in its complaint, asked for reimbursement as well as pay-

ment of $528 a month in child support to be paid to the Region VIII Welfare Department as reimbursement of AFDC payments. This was clearly an action for past and ongoing reimbursement under § 256.-87, subds. 1 and 1a. Therefore, even though the trial court's order is for "child support" and is nowhere characterized as ongoing reimbursement to the welfare department, it should be viewed as granting the relief originally requested, that is, past and ongoing reimbursement to the welfare department.

■ The findings made by the trial court are adequate to support the award. The trial court properly found that respondent was reasonably able to reimburse the welfare department for the $528 per month expended in the amount of $450 per month. It should be noted that respondent does not specifically contest the amount ordered to be paid, but only the lack of findings supporting what he believes was a modification of a child support order.

### III.

■ Minn.Stat. § 256.87, subd. 1 states, in part:

The action may be ordered by the state agency * * * against the parent for recovery of the amount of assistance granted, together with the costs and disbursements of the action.

Appellant argues that since the statute allows for costs and disbursements, it was an abuse of discretion for the trial court to fail to make any ruling on this matter. However, appellant failed to request costs and disbursements in its complaint and there was no evidence presented to the trial court concerning costs and disbursements. Consequently, the trial court had no basis on which to make such an award. It is difficult to see how failing to rule on an issue that was never argued or even presented to the court could be an abuse of discretion.

### DECISION

The trial court did not err in denying appellant's request that respondent reimburse the County for welfare payments expended to his ex-wife.

The trial court considered the appropriate factors and did not err in ordering ongoing reimbursement from respondent of $450 per month.

There was no abuse of discretion in not awarding costs and disbursements when the County failed to request such an award.

Affirmed.

HUSPENI, J., dissents.

HUSPENI, Judge (dissenting).

I respectfully dissent and would remand to the trial court for entry of a current support order consistent with the requirements of *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986) and applicable statutes.

The majority categorizes the trial court's order directing respondent to pay $450 per month as one for "past and ongoing reimbursement to the welfare department." Being so categorized, the majority requires neither the specific findings dictated by *Moylan* nor compliance with statutory requirements.

Although there exist in this case both a dissolution decree and a separate proceeding under Minn.Stat. § 256.87 (Supp.1985), the only order even remotely concerned with support of the minor children is one designated "past and ongoing reimbursement." If tomorrow the minor children were to cease receiving AFDC benefits, there would be no permanent current support available to assist them in meeting their ongoing needs. Such a circumstance cannot possibly serve their best interests. Instead, it seems the interests of the county are being protected at the expense of the children.

Ideally in a fact situation such as this, both mother and father should have independent counsel and the decree of dissolution should be amended to include a reasonable support order that would reflect current receipt of AFDC benefits, but would continue during the minority of the children irrespective of AFDC involvement.

With such protection, the custodial parent would be assured of ongoing support without having to return to court for a support order when AFDC benefits ended.

Entry of a permanent support order would be consistent with the philosophy expressed by this court in *Hennepin County v. Geshick*, 387 N.W.2d 439 (Minn. Ct.App.1986), when it observed that "[t]he county was obligated to seek a current support order not only to protect its own rights but also to protect the rights of the mother, whom it represented." *Id.* at 441. Here the county also represents the mother (and the minor children). They deserve to be protected in their own right in the manner directed by this court in *Geshick.*

Finally, it is questionable whether the order affirmed by the majority today provides to the minor children even those slim protections which Minn.Stat. § 256.87, subd. 1a (Supp.1985) provides. That section reads in pertinent part:

> In addition to granting * * * a money judgment, the court may * * * order continuing support contributions by a parent found able to reimburse the county or state agency. * * * [T]he order shall be effective for the period of time during which the recipient receives public assistance from any county or state agency and for five months thereafter the order shall require support according to chapter 518.

The majority describes the order it affirms today as one for "past and ongoing reimbursement under § 256.87, subd. 1 and 1a." If, in fact, it is solely a reimbursement order and not a current support order, it is not entirely clear that payments would even continue for five months after AFDC benefits cease. Certainly, the majority does not require the same compliance with chapter 518 that section 256.87, subd. 1a appears to.

The order approved by the majority today escapes scrutiny under critical statutory and case law standards. The interests of both these parents and their minor children are poorly served by an affirmance in this matter.