**STATE of Minnesota, COUNTY OF CLAY, on Behalf of Kisa HENDRICKSON, Petitioner, Respondent,**

**v.**

**Joseph HENDRICKSON, Appellant.**

**No. C3–86–1222.**

Court of Appeals of Minnesota.

April 14, 1987.

Larry K. Mickelberg, Co. Atty., Pamela J. Aanenson, Asst. Co. Atty., Moorhead, for respondent.

Cathy L. Mills, Kenneth J. Kludt, P.A., Moorhead, for appellant.

Heard, considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order for reimbursement of AFDC payments under Minn. Stat. § 256.87. A dissolution hearing was held on March 28th and 29th, 1985 in Clay County Family Court. At that time the county moved for past and ongoing reimbursement from appellant Joseph Hendrickson for AFDC payments expended to Kisa Hendrickson for the benefit of their two children. As part of the final dissolution judgment and decree, the court ordered appellant to pay $325.00 per month in child support to the county and reserved the issue for later reassessment. An order for reimbursement was issued, setting a rehearing date to redetermine the amount of reimbursement. On January 22, 1986, the court reviewed the reimbursement order and increased payments to $400 per month commencing June 1, 1986. Appellant appealed from the order increasing reimbursement. We affirm.

## FACTS

Kisa and Joseph Hendrickson were granted a dissolution of their marriage on April 2, 1985. The parties agreed to share physical and legal custody of their two children, with Kisa having custody 60% of the time, and Joseph 40% of the time. As part of the final judgment, the court ordered appellant to pay $325.00 per month to Clay County as ongoing reimbursement for AFDC payments expended to Kisa. This was $75 below the guidelines as set out in Minn.Stat. § 518.551. The court noted that a "specific deviation from the guidelines is justified in this case inasmuch as respondent has several debts to be paid in addition to his basic needs." A hearing was scheduled for October 1, 1985, to determine whether a different amount would be required thereafter. Subsequent to the final judgment and dissolution decree, appellant and respondent Clay County entered into a stipulated agreement whereby appellant agreed to pay Clay County $1600–$1750 in past reimbursement and $325 per month as ongoing reimbursement, subject to review on October 2, 1985.

Due to numerous delays, the reimbursement order was not reviewed until January 22, 1986. On June 10, 1986, the court issued an order increasing ongoing reimbursement to $400.00 per month. In support of its order, the court found that Kisa had been receiving AFDC payments for the benefit of the children since September 25, 1984, and was continuing to receive such assistance, and that appellant had an obligation to support the children, and the ability to do so.

Joseph Hendrickson appeals from the order increasing child support.

## ISSUES

1. Does the court have jurisdiction to direct reimbursement under Minn.Stat. § 256.87 after a final dissolution judgment and decree has been entered?

2. Did the trial court err by increasing the order for reimbursement?

3. Does the imposition of § 256.87 in this case interfere with the best interests of the child as contemplated in Minn.Stat. § 518.17?

## ANALYSIS

### I.

Minn.Stat. § 256.87 provides that if there is no outstanding support order, a county may bring an action to require a parent to pay at least a portion of AFDC expended over a two-year period, depending on the parent's ability to pay. Minn.Stat. § 256.-87, subd. 1 (1984). Minn.Stat. §§ 518.001–518.67 govern marriage dissolution proceedings and § 518.64 deals specifically with modifications of support orders. Appellant argues that since a dissolution decree is final and may be re-opened only upon motion, and support modified only after the required § 518.64 findings are made, an order for reimbursement under § 256.87 wrongly erodes the finality of the dissolution judgment and cannot properly be granted by the court without a full hearing of the kind required under § 518.-64. Appellant misconstrues the nature of a § 256.87 motion for reimbursement.

■ Section 256.87 has been identified as a cause of action totally separate from child support orders, available to the county for the purpose of recovering a portion of past assistance granted. *County of Anoka v. Richards,* 345 N.W.2d 263, 266–67 (Minn.Ct.App.1984); *see Maskrey v. Maskrey,* 380 N.W.2d 598, 601 (Minn.Ct. App.1986). An order for reimbursement under § 256.87 is an additional remedy available to the county if it has advanced public assistance for a child, and it is not a modification of a child support award under § 518. *Isanti County v. Formhals,* 358 N.W.2d 703, 705 (Minn.Ct.App.1984). The court is authorized by statute to grant a motion for ongoing reimbursement upon motion by the county and evaluation of the requisite factors. Clearly, the court had jurisdiction to order reimbursement pursuant to § 256.87 and was in no way barred from doing so by the existence of a final dissolution judgment and decree.

### II.

Appellant next argues that the trial court erred by increasing the amount of reimbursement to the county because, as a modification of a child support order, it was unsupported by consideration of the requisite statutory factors. This argument arises from the inclusion of the reimbursement order in the dissolution judgment and decree. Because temporary reimbursement to the county was ordered as part of the dissolution decree, the later order setting reimbursement is viewed by appellant as a modification of the decree. It follows from this view that modification findings were necessary and are lacking.

■ However, as stated previously, a motion for reimbursement of AFDC payments under § 256.87 is separate and distinct from an order for support within a dissolution proceeding. Since an order for child support and an order for reimbursement are two totally separate matters, the original order for reimbursement should not have been made a part of the decree. Indeed, the county was not a party to the dissolution proceeding, but only to the reimbursement action. It is clear from the decree, however, that the provision for reimbursement was only temporary pending a later hearing on the county's motion. The order setting reimbursement at $400 was not a part of the decree, but was issued nine months later. In addition, appellant appeals not from the dissolution decree, but only from the subsequent order for reimbursement.

Appellant is correct that a modification of child support must be accompanied by findings relative to § 518.64, subd. 2. *Moylan v. Moylan,* 384 N.W.2d 859, 864–65 (Minn.1986). However, having established that an order for reimbursement under § 256.87 is entirely separate from a modification of child support, it is obvious that *Moylan* findings were not necessary in this case. This court has previously held that an order entered pursuant to § 256.87 does not modify the child support provisions of a dissolution decree and is not governed by § 518.64, subd. 2. *Hennepin County v.*

*Geshick*, 387 N.W.2d 439, 441 (Minn.Ct. App.1986); *Formhals*, 358 N.W.2d at 705; *Richards*, 345 N.W.2d at 266.

As stated in *Geshick:*

Reimbursement is not governed by the child support guidelines, but by two separate standards: 1) the parent's ability to pay; and 2) "the amount of assistance furnished" to and for the benefit of the child.

387 N.W.2d at 441, *citing* Minn.Stat. § 256.87, subd. 1 (1984). Thus, there is no requirement of specific findings under § 256.87 but, rather, a direction to consider certain specific factors in making an award. Here, the findings accompanying the reimbursement order state that "petitioner has been receiving AFDC for the benefit of the two minor children since Sept. 25, 1984, and continues to receive such assistance." Further, that "respondent has an obligation to support the minor children of the parties and has the ability to do so." In addition, the parties admit that at the January 22 hearing the court was apprised of the amount of AFDC being expended monthly to the Hendrickson children, and of appellant's current financial situation. The court thus had all the information relevant to a determination of reimbursement, and the order itself evinces consideration of the appropriate factors in ordering reimbursement.

### III.

Appellant's next objection is that the reimbursement order of $400 per month, when viewed in light of the custody situation here (60% to Kisa and 40% to appellant), ignores consideration of "the best interests of the child" as contemplated in the modification provisions of § 518.64. While appellant appears to be confusing "best interests of the child" with "needs of the child," discussion of this distinction is unnecessary as neither concept applies to this case. *See Van Dyke v. Van Dyke*, 386 N.W.2d 399, 401 (Minn.Ct.App.1986). Consideration of the needs of the children is appropriate and necessary only in a child support modification proceeding. As stated previously, the order on appeal was not a support modification but an order for reimbursement. The considerations necessary for such an order are outlined above and do not include the best interests of the child.

### DECISION

The trial court's jurisdiction to order reimbursement is not precluded by the existence of a dissolution judgment and decree. The trial court considered the appropriate factors and did not err by increasing the reimbursement order. Consideration of the best interests of the child is not a necessary prerequisite to ordering reimbursement under § 256.87.

Affirmed.

HUSPENI, J., dissents.

HUSPENI, Judge (dissenting).

I respectfully dissent and would remand for entry of a current support order consistent with *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986) and applicable statutes.

The circumstances in this matter are not unlike those in *Evans v. Evans*, 402 N.W.2d 158, (Minn.Ct.App.1987), and the reservations which I expressed in the Dissent in *Evans* are present here also:

Although there exist in this case both a dissolution decree and a separate proceeding under Minn.Stat. § 256.87 (Supp. 1985), the only order even remotely concerned with support of the minor children is one designated [reimbursement]. If tomorrow the minor children were to cease receiving AFDC benefits, there would be no permanent current support available to assist them in meeting their ongoing needs. Such a circumstance cannot possibly serve their best interests. Instead, it seems the interests of the county are being protected at the expense of the children.

Ideally in a fact situation such as this, both mother and father should have independent counsel and the decree of dissolution should be amended to include a reasonable support order that would reflect current receipt of AFDC benefits,

but would continue during the minority of the children irrespective of AFDC involvement. With such protection, the custodial parent would be assured of ongoing support without having to return to court for a support order when AFDC benefits ended.

Entry of a permanent support order would be consistent with the philosophy expressed by this court in *Hennepin County v. Geshick*, 387 N.W.2d 439 (Minn.Ct.App.1986), when it observed that "[t]he county was obligated to seek a current support order not only to protect its own rights but also to protect the rights of the mother, whom it represented." *Id.* at 441. Here the county also represents the mother (and the minor children). They deserve to be protected in their own right in the manner directed by this court in *Geshick*.

\* \* \* \* \* \*

The order approved by the majority today escapes scrutiny under critical statutory and case law standards. The interests of both these parents and their minor children are poorly served by an affirmance in this matter.

*Id.* at 162.

I urge here, as I did in *Evans*, that this matter be remanded.