COUNTY OF NICOLLET, for itself and on Behalf of Nicollet County Social Services, Respondent,

v.

James Irvin LARSON, Appellant.

No. C9–87–361.

Court of Appeals of Minnesota.

Oct. 6, 1987.

Review Granted Nov. 24, 1987.

Paul H. Tanis, Jr., St. Peter, for respondent.

LaMar T. Piper, St. James, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and LOMMEN *, JJ.

## OPINION

CRIPPEN, Judge.

The trial court gave Nicollet County a $1,412.50 judgment against appellant for assistance paid for his child and his former wife. In addition, the court required appellant to pay $263 per month as an ongoing reimbursement. We reverse the money judgment and the payment order.

## FACTS

The marriage of appellant James Larson and Jada Larson was dissolved in 1984 and custody of the couple's minor son was placed with his mother. Pursuant to a stipulation of the parties, appellant was ordered to pay $150 per month child support. In November 1985, Jada Larson assigned her right to collect current and past child support to respondent Nicollet County, and began receiving public assistance. In June 1986, respondent brought this ac-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

tion for child support reimbursement under Minn.Stat. § 256.87 (1986). Respondent sought to recover from appellant reimbursement for past assistance under section 256.87, subd. 1, and continuing contributions under section 256.87 subd. 1a.

Following a trial in December 1986, the trial court found:

1. Jada Larson received $3934 in public assistance from November 15, 1985 to November 1986.[1]

2. Appellant paid $1680 in support during this time period, the full amount due according to the 1984 judgment.

3. Appellant's "reasonable monthly living expenses," exclusive of child support, are $981.70.

4. Appellant's net monthly income is $1,052.23.

5. If appellant's obligation were calculated under the guideline chart stated in Minn.Stat. § 518.551, subd. 5 (1986), taking account only for his income, appellant currently would pay $263 per month. This calculation would be the same for the period from November 15, 1985 through November 30, 1986.

6. Respondent has the ability to pay $150 of the county's attorney fees incurred in bringing their action.

The court ordered a judgment against appellant to reimburse the county in the amount of $1,412.50 for past assistance and $150 for attorney fees. The figure of $1,412.50 represented $263 per month for twelve and a half months, less the $150 per month appellant already paid. The court also directed appellant to begin paying a $263 monthly reimbursement contribution to the county beginning in January 1987.

The court explained its decisions, premised on the statutory guidelines chart, observing:

The court realizes that the expenses as found by the Court together with the support payment required exceeds [appellant's] income; however, the answer from the legislative perspective is not to reduce the amount of support, but to encourage appellant to reduce his expenses.

## ISSUES

1. Did the trial court err in determining appellant's ability to pay and without regard for his reasonable living expenses?

2. Did the trial court err in awarding attorney fees to respondent in a public assistance reimbursement proceeding?

## ANALYSIS

██ The county or state agency is entitled to recover prior payments of public assistance to a child or child's caretaker. Minn.Stat. § 256.87, subd. 1 (1986); *Maskrey v. Maskrey*, 380 N.W.2d 598, 601 (Minn.Ct.App.1986). This proceeding is independent of actions for recovery of unpaid child support awarded in a prior dissolution proceeding. *Hennepin County v. Geshick*, 387 N.W.2d 439, 441 (Minn.Ct.App.1986). Recovery is limited to amounts "which the parent has had the ability to pay." Minn. Stat. § 256.87, subd. 1; *State on Behalf of Evans v. Evans*, 402 N.W.2d 158, 161 (Minn.Ct.App.1987); *Geshick*, 387 N.W.2d at 441; *Maskrey*, 380 N.W.2d at 601. The court can also order continuing reimbursement by a parent "able" to pay. *Evans*, 402 N.W.2d at 161. Determinations of the amount of recovery call for an exercise of the trial court's discretion, taking into account the amount of assistance furnished for the care of the child and the parent's ability to pay. *Id.*

1. Reimbursement for assistance.

The trial court concluded that appellant's income was decisive in determining his payment ability for the period when past assistance was furnished. The court stated that "based on [appellant's] net income between November 15, 1985 and November 31, 1986, [appellant] should have been paying the sum of $263 per month." Appellant contends that ability to pay is mea-

---

1. The record shows that the court's figure of $3934 actually reflects assistance paid from November 15, 1985 until August 1985; an additional $1311 was paid in public assistance between August and November.

sured by comparing income with reasonable expenses. We agree.

The concept of "ability to pay" is much older than the provisions of Minn.Stat. § 256.87. *See Haugen v. Swanson,* 222 Minn. 203, 206, 23 N.W.2d 535, 536 (1946) ("It is the duty of the father of a minor child to support it if he is able to do so.") It is evident in *Haugen* and cases cited in that opinion that judicial determinations of ability to pay involve measuring an obligor's receipts and reasonable or necessary expenses. Similarly, review of ability to pay in reimbursement proceedings under the statute has involved a comparison of income and expenses. *See Evans,* 402 N.W.2d at 161 (trial court found that parent's gross income approximately equaled his expenses and that he had no savings; therefore court "correctly assessed" that he had no reasonable ability to pay.)

Respondent contends and the trial court believed that the obligor's income was decisive in light of the statutory child support guidelines enumerated in Minn.Stat. § 518.-551, subd. 5 (1986). This reasoning is flawed for two reasons.

■ First, the guidelines are not applicable to a determination of a reimbursement obligation under Minn.Stat. § 256.87, subd. 1. *Geshick,* 387 N.W.2d at 441. In *Geshick* the concepts of section 256.87 were superimposed onto a reimbursement proceeding under the Minnesota Parentage Act. *Id.* Section 256.87 is silent on the guidelines or other provisions of chapter 518 in the context of public assistance reimbursement, except where the assistance has been terminated. An ongoing reimbursement order remains effective so long as assistance is paid and, in addition, "for five months thereafter the order shall require support according to chapter 518." Minn.Stat. § 256.87, subd. 1a. Whether more or less than the ongoing reimbursement amount, the chapter 518 dissolution

case obligation is to be ordered paid in the five month period after termination of public assistance. The trial court erred in concluding that the entire ongoing reimbursement obligation is to be determined according to chapter 518 standards.

■ Second, all child support determinations under section 518 now require reference to the guidelines chart along with consideration of other pertinent factors, including the resources available for payment. Minn.Stat. § 518.551, subd. 5(a) and (b) (1986). The guidelines chart should be used only as "starting points for the determination of child support awards," and the court must make "specific findings of fact as to the factors it considered in formulating the award," whether or not the award deviates from the guidelines. *Moylan v. Moylan,* 384 N.W.2d 859, 863 (Minn.1986). The factors to be considered included the financial resources and needs of the child and of both the custodial and noncustodial parent. *Id.* at 863–864; *see* Minn.Stat. § 518.17, subd. 4 (1984)[2]. This *Moylan* rule was initially limited to nonpublic assistance cases. *Id.* at 863. The 1986 amendments to the guidelines codified that requirement for all chapter 518 child support determinations. Minn.Stat. § 518.551, subd. 5(a); *Scearcy v. Mercado,* 410 N.W.2d 43, 46 (Minn.Ct.App.1987) ("[G]uideline calculations are never made without evidence and findings taking into account the needs and resources of both parents and the child.") Thus, the trial court erred in refusing to consider the appellant's expenses when determining his ability to reimburse the county for public assistance.

■ The trial court found that appellant had reasonable personal living expenses of $981.70 per month, and that his present income was $1,052.23 per month.[3] The court also found that as of the time the

---

**2.** Minn.Stat. § 518.17, subd. 4 was repealed after *Moylan.* 1986 Minn.Laws ch. 406, § 9. However, the same factors were incorporated into the amended version of section 518.551, subd. 5(b), that became effective August 1, 1986. 1986 Minn.Laws ch. 406, § 4; *Scearcy,* 410 N.W.2d at 45.

**3.** Appellant introduced evidence of expenses of $1,612.04 per month, excluding child support. The court's order explains that this figure was reduced to eliminate appellant's expenses for his present spouse and their child, and was otherwise pared to reach $981.70.

case was heard in December 1986, his income had been approximately the same for the previous year. These trial court findings are supported by the evidence. The findings preclude a further finding that he had the ability to contribute a reimbursement in addition to the child support ordered in the decree.

The court's ongoing reimbursement decision was based on the same rationale as it used in requiring reimbursement for past support. The court relied solely on appellant's income, using the chart in Minn.Stat. § 518.551, subd. 5. At the same time, the court made findings that appellant had reasonable living expenses only $70 less than his monthly income.

Ongoing reimbursement obligations, like obligations for past assistance, are appropriate only for a parent "found able to reimburse" the county. Minn.Stat. § 256.-87, subd. 1a. Therefore, the ongoing reimbursement order was in error. The trial court findings show no present basis for an ongoing reimbursement obligation in excess of appellant's original child support obligation.

2. Attorney fees.

Attorney fees are not recoverable unless pursuant to a contract or statute. *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn.1983). There is no such authority for an award of attorney fees under Minn.Stat. § 256.87. The trial court made the award based on a reference to chapter 518. As noted above, according to the language of Minn.Stat. § 256.87, chapter 518 bears only on the ongoing obligation ordered for the five-month period after termination of public assistance, and chapter 518 is not otherwise incorporated into the reimbursement case provisions. Minn.Stat. § 518.14 permits the recovery of attorney fees, but the provision does not apply in a proceeding for reimbursement. It was error to award attorney fees to respondent.

### DECISION

The trial court's order for an increase in ongoing child support payments by appellant is reversed, as is the trial court's award of attorney fees to respondent.

Reversed.