Sandra Anderson KING,
Petitioner, Appellant,

v.

Andrew BRADEN, Respondent.

No. C7–87–1623.

Court of Appeals of Minnesota.

Feb. 2, 1988.

Thomas L. Johnson, Hennepin Co. Atty., Theresa Farrell, Asst. Co. Atty., Minneapolis, for appellant.

Fred J. Ojile, Messinger, Ojile & Pierce, Minneapolis, for respondent.

Heard, considered and decided by RANDALL, P.J., and HUSPENI and STONE\*, JJ.

## OPINION

HUSPENI, Judge.

Respondent brought a motion before the district court seeking relief from the action of Hennepin County which was deducting $80 per month from his paycheck as reimbursement for AFDC payments being made to his minor daughter. The daughter is living independently of either of her parents and is caring for her own two children. The district court found that respondent was no longer liable for the care of his daughter and ordered the county to cease deducting payments from his paycheck. From this order, the county, in the name of Sandra Anderson King, the mother of respondent's daughter, appeals.[1] We affirm.

## FACTS

Andrew Braden, respondent, is the father of three children by nominal appellant Sandra Anderson King. One of these children, Sheila (16 years old), is the focus of this case. On April 25, 1984, Sheila gave birth to twin boys. In 1985, a custody dispute arose between appellant and respondent over their three children. On

---

\* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

1. We note that Sandra Anderson King is not a party to this action.

May 13, 1985, the district court ordered respondent to pay $150 per month (increasing to $240 per month after November 15, 1985) for the support of Sheila and her two siblings. This payment was made to Hennepin County through a payroll deduction and offset the AFDC grant that Ms. King was receiving.

In May 1986, Sheila moved out of her mother's home and began receiving her own AFDC grant for the care of her two children. At some point, though it is unclear from the record when, the respondent and Ms. King voluntarily agreed to a custody arrangement in which each party had custody of one of their remaining two children (Sheila's siblings). This order was formalized by order of the court dated January 16, 1987. At some point, again it is unclear exactly when, Ms. King's receipt of AFDC benefits ended.

On December 22, 1986, respondent brought a motion seeking termination of reimbursement for AFDC payments made on behalf of Sheila. At that time, $80 per month was being deducted from respondent's paychecks (⅓ of the $240 he had previously been ordered to pay for the support of all three of his children). Both parties agree that the money the county continues to deduct from respondent's paycheck goes towards the reimbursement of amounts received directly by Sheila for the care of her two children. The county argues that Sheila is still a minor and, therefore, respondent is responsible for her care. Respondent argues that while he is willing to take Sheila into his home and care for her and her children, he is not responsible for her if she is living independently.

In its order dated July 16, 1987, the district court found that Sheila is an emancipated minor. It also found that her parents are no longer obligated to contribute to her support. Therefore, the court ruled that Hennepin County is not entitled to reimbursement from the respondent for AFDC expended on behalf of Sheila.

## ISSUES

1. Is the county entitled to reimbursement from respondent for support furnished to his minor child?

2. Is respondent entitled to attorney fees?

## ANALYSIS

### I.

■ The county seeks reimbursement under Minn.Stat. § 256.87, subd. 1 (1985), which provides:

A parent of a child is liable for the amount of assistance furnished to and for the benefit of the child * * *, including any assistance furnished for the benefit of the caretaker of the child, which the parent has had the ability to pay.

The county agrees that under the statute as amended in 1980, respondent has no legal duty to support his grandchildren. It argues that reimbursement is sought only for amounts the county expends for the support of Sheila.

In its brief, the county states:

In cases involving minors having children, also called minor caretaker cases, the full amount of the parents liability is considered to be the child's share. * * * According to Minnesota case law, Hennepin County could have sought reimbursement according to respondent's ability to pay up to the caretaker level of $250.00 per month. *See State Region North Welfare v. Evans,* 402 N.W.2d 158 (Minn. Ct.App.1987); *Hennepin County v. Geshick,* 387 N.W.2d 439 (Minn.Ct.App. 1986) * * *.

However, in all cases cited by the county, reimbursement was sought for payments made to a caretaker for the benefit of children to whom a duty of support was owed. Here, neither Sheila's mother nor any other caretaker presently receives welfare payments for the care of Sheila. Therefore, the cases cited by the county are inapplicable to the present situation.

Sheila currently receives AFDC payments because she is the mother of two minor children. The caretaker portion of her monthly receipt is in no part based on her status as a minor. If respondent is ordered to reimburse the county for any

portion of the payment made to Sheila, it would, in effect, be holding respondent liable for the care of his grandchildren. It is clear that the proper person from whom to seek reimbursement is the father of Sheila's children. The inability or unwillingness of the county to pursue such reimbursement does not render respondent liable.

If the county is entitled to any reimbursement from respondent, it would be under section 9500.2760 of the Minnesota Rules titled *Support From Parents of Minor Caretakers Living Apart.* It states in part:

> A parent who lives outside the home of a dependent child who is an *unemancipated* minor caretaker of an assistance unit is financially responsible for that minor caretaker * * *.

Minn.Rules 9500.2760, subp. 1 (1987) (emphasis added). However, even under this statute, the county's claim would fail. Sheila is an emancipated minor. An "emancipated minor" is defined as:

> [A] person under the age of 18 years who has been married, is on active duty in the uniformed services of the United States, or has been emancipated by a court of competent jurisdiction.

Minn.Rules 9500.2060, subp. 46. Finding 4 of the court's order dated July 16, 1987, declared that Sheila is an emancipated minor. There is ample support in the record for that finding. Any obligation that respondent would have had under the above rule no longer exists. We agree with the trial court that the county is not entitled to reimbursement from respondent. It follows, therefore, that the county has no authority to deduct any amount from respondent's paycheck.

## II.

 Respondent argues that he is entitled to an award of attorney fees because of his limited resources. However, an award of attorney fees is not authorized in a proceeding for reimbursement of public assistance payments. *County of Nicollet v. Larson,* 413 N.W.2d 217 (Minn.Ct.App.

1987). Therefore, attorney fees may not be assessed against Hennepin County.

## DECISION

Hennepin County is not entitled to reimbursement from respondent for payments made to his minor daughter. Respondent is not entitled to attorney fees.

Affirmed.