**COUNTY OF HENNEPIN on Behalf of Gladys CLARK, Respondent,**

**v.**

**Brenda HERNANDEZ, Appellant.**

**No. C0–96–997.**

Court of Appeals of Minnesota.

Oct. 22, 1996.

Michael O. Freeman, Hennepin County Attorney, Reid S. Raymond, Assistant County Attorney, Minneapolis, for Respondent.

Robert G. Newkirk, Tammie M. Gregg, Dorsey & Whitney L.L.P., Minneapolis, for Appellant.

Before WILLIS, P.J., and LANSING and KALITOWSKI, JJ.

## OPINION

LANSING, Judge.

The district court vacated a referee's dismissal of the county's reimbursement claim for assistance to a dependent child. The assistance was provided to Brenda Hernandez's mother, Gladys Clark, when Hernandez's daughter was residing with Clark. Hernandez asserts that the reversal impermissibly limited consideration to only the amount of assistance provided and Hernandez's ability to pay. We agree that the district court defined its authority too narrowly, and we reverse and remand for consideration of other factors relevant to the underlying obligation.

## FACTS

Brenda Hernandez's daughter, J.C., was fifteen years old when she ran away from home in late 1994. Beginning in January 1995, J.C. lived with her grandmother, Brenda Hernandez's mother, Gladys Clark. After J.C. moved in, Clark applied for Aid to Families with Dependent Children (AFDC), and Hennepin County began making monthly AFDC payments in the amount of $250 to Clark on March 1, 1995. On May 24, 1995, Hernandez received notice from the county of her liability for support. Hernandez refused to make payments, alleging that in Clark's home J.C. would be permitted to engage in the self-destructive and truant behavior that had caused J.C.'s problems at home. The county then filed a complaint for reimbursement and support under Minn.Stat. § 256.87 (1994).

A family court referee dismissed the county's complaint, concluding that J.C. was not a "dependent child" as defined by Minn.Stat. § 256.12, subd. 14(b) (1994), and Clark was therefore ineligible for AFDC.

The district court reversed the referee's order and ordered Hernandez to reimburse the county for $1,750 paid to Clark between March 1, 1995, and September 30, 1995, and to pay $311 per month in child support prospectively. The district court based its reversal on *County of Nicollet v. Larson*, 421 N.W.2d 717, 720 (Minn.1988), interpreting its holding to limit judicial authority in reviewing reimbursement claims under Minn.Stat. § 256.87 to two questions: (1) the ability of the parent to pay, and (2) the amount of assistance provided. This appeal followed.

## ISSUE

May a court ruling on a claim for reimbursement under Minn.Stat. § 256.87 consider more than (1) the ability of the parent to pay, and (2) the amount of assistance provided?

## ANALYSIS

The district court's decision to vacate the referee's order was based on an interpretation of case law. Interpretation of case law is a legal issue that we review de novo. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984).

Minnesota Statutes, section 256.87, subdivision 1 (1994) requires reimbursement by a parent for AFDC payments made on behalf of their children when the parent has the ability to pay. "A parent of a child is liable for the amount of assistance furnished * * * to and for the benefit of the child * * * which the parent has had the ability to pay." Minn.Stat. § 256.87, subd. 1 (1994).

In *County of Nicollet v. Larson*, 421 N.W.2d 717 (Minn.1988), the supreme court

stated that reimbursement " 'is governed by two standards: (1) the parent's ability to pay, and (2) the amount of assistance furnished to and for the benefit of the child.' " *Larson,* 421 N.W.2d at 720 (quoting *State ex rel. Region VIII N. Welfare v. Evans,* 402 N.W.2d 158, 161 (Minn.App.1987) (citing *Hennepin County v. Geshick,* 387 N.W.2d 439, 441 (Minn.App.1986))). The district court, applying *Larson,* ruled that these two factors were the *only* issues to be considered by a court hearing a claim for reimbursement under Minn.Stat. § 256.87. We conclude that this construction extends *Larson* beyond its facts and eliminates the first step in a two-step process. Before considering the two factors presented in *Larson,* the court must first determine whether the party seeking reimbursement is entitled to it.

■ The decision to order reimbursement is within the discretion of the district court. In *Evans* we explicitly addressed the issue of whether imposition of liability under section 256.87 is mandatory or within the discretion of the court. While the plain language of the statute ("The parent of a child *is liable* * * * ") appears to mandate reimbursement, we concluded that "[t]he conclusory language of [section 256.87, subdivision 1] does not strip the court of all discretion. * * * The language of the statute permits the county to bring the action but it remains within the court's discretion to determine whether to order reimbursement and how much reimbursement to order." *Evans,* 402 N.W.2d at 161.

A district court may be called upon to consider a number of factors to determine whether reimbursement is warranted. In *Wilson v. Speer,* 499 N.W.2d 850 (Minn.App. 1993), *review granted* (Minn. July 19, 1993), *appeal dismissed* (Minn. Aug. 16, 1993), for example, we considered whether paternity had to be adjudicated or could be presumed before enforcing a reimbursement order. In *King v. Braden,* 418 N.W.2d 739 (Minn.App. 1988), we analyzed whether the county could seek reimbursement from a father whose emancipated minor daughter received AFDC.

We view the two standards recited in *Larson* as not intended to define the sole

considerations of the court hearing a reimbursement action, but rather the sole considerations in calculating the amount to be reimbursed. These standards were first enunciated in *Geshick* in order to distinguish the calculation of statutory reimbursement from the calculation of child support in a paternity action. *Geshick,* 387 N.W.2d at 440–41. In *Geshick* we stated that the child support guidelines apply to paternity actions but that reimbursement is governed by two standards: "the parent's ability to pay; and 'the amount of assistance furnished.' " *Id.* at 441 (quoting Minn.Stat. § 256.87, subd. 1 (1984)). These standards (like the child support guidelines) are intended to help the court determine the *amount* of reimbursement and impose no limitation on the court's ability to consider other factors in determining whether reimbursement is warranted.

Likewise, when the supreme court adopted these standards in *Larson,* it was discussing factors "to be used *to determine the amount owed* by a parent in reimbursement of past public assistance paid." *Larson,* 421 N.W.2d at 719 (emphasis added). By addressing only a second-step calculation of the amount of reimbursement, *Larson* does not eliminate an initial determination of whether reimbursement is warranted. The supreme court referred to that determination when it said: "We agree that it is within the trial court's discretion 'to order reimbursement * * *.' " *Id.* at 720 (citation omitted).

■ Further, the district court's authority to consider whether reimbursement is proper comports with the requirements of due process. Hernandez could not have challenged the propriety of an AFDC award at the time her mother applied for benefits. *See* Minn. Stat. § 256.045, subd. 3 (1994) (limiting the parties who may contest a decision to those "applying for, receiving or having received public assistance"). Because she was barred from the administrative procedures, the district court's refusal to consider her challenge in response to the claim denied her any forum. Denying Hernandez an opportunity to raise her challenge creates a substantial risk of "erroneous deprivation." *See Martin v. Itasca County,* 448 N.W.2d 368, 370 (Minn. 1989) (quoting *Mathews v. Eldridge,* 424 U.S.

319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976)) (listing factors to be considered in due process analysis).

■ On remand the district court may consider all factors necessary to determine whether the county is entitled to reimbursement under Minn.Stat. § 256.87. The county is required to demonstrate that the assistance provided to Clark was "furnished under sections * * * 256.72 to 256.87 [Aid to Families with Dependent Children]." Minn. Stat. § 256.87, subd. 1. If J.C. was not a "dependent child" as Hernandez contends, then the assistance was not properly provided under the terms of AFDC, and the county would not be entitled to reimbursement. The county is required to prove its reimbursement claim by a preponderance of the evidence. *See State by Humphrey v. Alpine Air Prods.*, 500 N.W.2d 788, 790 (Minn.1993) (when the standard of proof is not specifically stated, the preponderance of the evidence standard applies).

■ If the court determines that the county is entitled to reimbursement for past support, then it must determine the amount of reimbursement by applying the two factors adopted in *Larson:* (1) the parent's ability to pay, and (2) the amount of assistance provided. *Larson*, 421 N.W.2d at 720. In making that determination, the district court "must hear evidence of income, expenses, assets, liabilities and other pertinent data." *Id.* The current record does not reflect consideration of these factors. Thus, a hearing on Hernandez's ability to pay should follow any determination that the county is entitled to reimbursement.

**Reversed and remanded.**